In re Robinson

IN THE MATTER OF THE RIGHT TO PRACTICE LAW OF: HAROLD ROBIN-
SON, ESQ.

No 7725SC732

(Filed 2 January 1979)

**Attorneys at Law § 12— failure to perfect criminal appeals—suspension of privilege to practice law**

The privilege of an attorney to practice law in the appellate courts is suspended for 12 months and his privilege to practice in criminal cases in the superior and district courts is suspended for 6 months because of his violation of D. R. 6-101(A) of the Code of Professional Responsibility where the attorney failed to perfect an appeal in each of four criminal cases in which he was appointed to represent the defendant on appeal, the attorney had never previously appeared as counsel in any appeal, and the attorney failed through study and investigation or by seeking the assistance of other attorneys adequately to prepare himself to handle the legal matters which his appointment as counsel in the four cases entailed.

THE above-styled cause was reheard in this Court on 5 December 1978 upon Order of this Court. The cause was originally heard upon appeal on 1 June 1978. An interlocutory opinion was filed 29 August 1978 (reported in 37 N.C. App. 671, 247 S.E. 2d 241 (1978)) wherein the undisputed facts of record were recited; an opinion on the disciplinary authority of the Superior Court and the Courts of the Appellate Division over attorneys was rendered; and the Judgment portion (that portion imposing discipline upon respondent) of Judge Snepp's "Memorandum Opinion and Judgment" was vacated for the causes stated; and the cause was retained for further hearing in this Court for consideration of what discipline, if any, should be imposed upon respondent for his conduct as disclosed by the record before this Court. New briefs were filed by respondent and by the State, and counsel were heard in oral argument upon the rehearing on 5 December 1978.

*Attorney General Edmisten, by Associate Attorney J. Chris Prather, for the State.*

*Smith, Moore, Smith, Schell & Hunter, by James A. Medford, and Frank J. Sizemore III, for respondent.*

PARKER, Judge.

The recitation of the undisputed facts of record as set out in the interlocutory opinion of this Court filed 29 August 1978

(reported in 37 N.C. App. 671, 247 S.E. 2d 241 (1978)) was as follows:

Respondent is licensed to practice law in North Carolina and in all the Courts of this State. He graduated from Wake Forest Law School in 1965 and passed the North Carolina Bar Examination in 1965. He thereafter practiced law in Mooresville, N. C. for approximately three months after which he served two years as a legal clerk in the office of the Judge Advocate General, Seventh Division of the Eighth Army. After release from active military duty in December 1967 respondent served for one year as a prosecutor in the Domestic Relations Court in Greensboro, N. C. About February 1969 respondent moved to Jacksonville, N. C. where he engaged in the general practice of law until January 1975. In June 1975 respondent moved to Morganton, Burke County, where he set up practice as a sole practitioner and has engaged in the practice of law since that time. During his ten or more years in the practice of law in North Carolina, respondent has never perfected an appeal to either court of the appellate division of this State.

In Burke County Case No. 74CR9136, *State v. Harvey Berry*, the defendant was found guilty of involuntary manslaughter on November 20, 1975 and sentenced to a term of 7-10 years in the State's prison. He gave notice of appeal. On March 2, 1976 the defendant's trial attorney petitioned the court to be permitted to withdraw as counsel and the court appointed respondent, Harold Robinson, as defendant's attorney to perfect the appeal. From March 2, 1976 to February 1977 no action was taken to obtain an order for transcript of trial and no action was taken to perfect the appeal. On February 21, 1977 the district attorney filed a motion to dismiss the appeal. On March 14, 1977 respondent filed a petition for writ of certiorari in the Court of Appeals and the writ was issued by the Court of Appeals April 7, 1977. On April 18, 1977 Judge Lewis ordered a transcript of the trial to be prepared at State expense. On May 11, 1977 the court relieved respondent of further duties in the case and appointed other counsel to perfect the appeal.

In Burke County Case No. 76CR3480, *State v. Loys Randall Ray*, the respondent was appointed on April 20, 1976 to represent the defendant on an armed robbery charge. On September 16, 1976 the defendant was found guilty of common law robbery and

sentenced to 10 years in prison. He gave notice of appeal and the court appointed respondent to perfect the appeal. An order for the preparation of the transcript was entered September 30, 1976 and on November 17, 1976 respondent moved for and secured an order extending the time for serving the record on appeal for an additional 40 days. No further action was taken and on March 29, 1977 the district attorney filed a motion to dismiss. On May 2, 1977 an order for the arrest of the defendant was issued. On May 11, 1977 the court relieved respondent from any further duties in the case and appointed other counsel to pursue appellate review.

In Burke County Case No. 76CR6955, *State v. William Blane Hensley*, respondent was appointed to represent the defendant who was charged with rape. On November 10, 1976 the defendant was found guilty of first degree rape and sentenced to life imprisonment. He gave notice of appeal and respondent was appointed as his attorney to perfect the appeal. A transcript of the trial was prepared by the court reporter and delivered to respondent some time in January 1977. No further action was taken to perfect the appeal and on March 29, 1977 the district attorney filed a motion to dismiss. On May 11, 1977 the court relieved respondent of any further duties in the case and appointed other counsel to pursue appellate review.

In Burke County Case No. 76CR7000, *State v. Rex Carswell*, the defendant was charged with felonious breaking or entering and felonious larceny. He was represented by privately employed counsel who, with the permission of the court, withdrew prior to trial. On September 14, 1976 respondent was appointed to represent the defendant. On November 16, 1976 the defendant was found guilty as charged as to both counts and sentenced to 10 years imprisonment. He gave notice of appeal, and on the same day respondent was appointed counsel to perfect the appeal. A transcript of the trial was delivered to respondent on Janaury 3, 1977. No further action was taken to perfect the appeal and on May 11, 1977 the court relieved respondent of any further duties in the case and appointed other counsel to pursue appellate review.

In addition to the foregoing undisputed facts as set out in the interlocutory opinion of this Court filed 29 August 1978, respondent's own testimony as set forth in the record reveals that he was

fully informed of his appointment as counsel to obtain appellate review in each of the four cases listed above, that until his appointment in these cases he had never previously appeared as counsel in any appeal, and that after knowing of his appointment in these cases he continued to practice law in Morganton but neither through study and investigation nor by seeking the advice and assistance of other attorneys did he adequately prepare himself to handle the legal matters which his appointment as counsel in these four cases entailed. In explanation of his failure to perform his duties as appointed counsel to obtain appellate review in these cases, respondent testified:

> The pressure of time was what caused me to be unable to complete these and the lack of appellate experience in these particular areas. That, combined with one other thing which I would like to mention. My wife had her first baby on the first day of April, which kind of dove-tailed with the deadlines on a couple of these cases. It had not been a problem pregnancy, but we had to watch it pretty carefully, and I had to share the housework and so forth, and so that did take some of my time, during that period.

The opinion concerning the authority of the Superior Court and the Courts of Appellate Division to discipline errant attorneys as set out in the interlocutory opinion of this Court (37 N.C. App. 671, 247 S.E. 2d 241 (1978)) is here reaffirmed and incorporated in this final opinion by reference without repetition.

We proceed now to the matter of appropriate discipline.

Disciplinary Rule 6-101(A) of the North Carolina State Bar Code of Professional Responsibility, 283 N.C. 783, provides:

(A) A lawyer shall not:

> (1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.

> (2) Handle a legal matter without preparation adequate in the circumstances.

> (3) Neglect a legal matter entrusted to him.

In re Robinson

The undisputed facts in this case establish that respondent violated this rule in the manner in which he performed or failed to perform his duties as court appointed counsel to seek appellate review in each of the four cases listed above. After giving careful consideration to all mitigating circumstances disclosed by the record and as urged upon us in the brief and oral argument of counsel for respondent, we find that the serious nature of respondent's infractions of the Code of Professional Responsibility warrants imposition of the following disciplinary action by this Court. Accordingly, we now hereby order:

1. That the privilege of the respondent, Harold Robinson, to practice law in the Courts of the Appellate Division of the North Carolina General Court of Justice be and it is hereby suspended for a period of twelve (12) months from the effective date of this order.

2. That the privilege of the respondent, Harold Robinson, to practice law in criminal cases in the Superior Court Division and in the District Court Division of the North Carolina General Court of Justice be and it is hereby suspended for a period of six (6) months from the effective date of this order. If on said date respondent is attorney of record in any criminal case then pending in any court of the Superior Court Division or of the District Court Division, he shall forthwith bring this order to the attention of the presiding Judge of such court, who shall enter such orders as may be appropriate to remove respondent as attorney and to designate other counsel to appear in his stead. No judicial officer of any court of the trial divisions of the General Court of Justice shall appoint respondent to represent any criminal defendant after being notified of the terms of this order and before the expiration of the period of suspension, nor shall respondent accept any such appointment after the effective date of this order and prior to the expiration of the period of suspension.

3. This order shall become effective on the date the mandate of this Court shall issue in this case as provided in Rule 32(b) of the Rules of Appellate Procedure.

FRANK M. PARKER
Judge
For the Court

Judges HEDRICK and ERWIN concur.