JAMES EDDIE WILSON, JR., Plaintiff v. BARBARA WATERS WILSON, Defendant

No. COA06-1147

(Filed 15 May 2007)

### 1. Pleadings— Rule 11 sanctions—attorney's improper filing of charging lien

The trial court did not err by imposing sanctions on appellant attorney, who previously represented plaintiff appellee in an equitable distribution case, under the legal sufficiency requirement of N.C.G.S. § 1A-1, Rule 11 based on her filing of a charging lien, because: (1) contrary to appellant's argument, she had notice that appellee sought the imposition of Rule 11 sanctions against her based on her improper filing of a notice of charging lien; (2) appellant was given an opportunity to be heard; (3) common law generally limits the use of a charging lien to representation taken on a contingency basis, and the charging lien made a claim for far more than the amount owed for the work done on a contingent basis; (3) regarding the rule that a charging lien must be filed by the attorney of record at the time judgment is entered, the charging lien in the instant case was filed after appellee had dismissed appellant as his attorney, but before she had received permission from the trial court to formally withdraw from the case; and (4) even assuming arguendo that appellant could act as appellee's attorney after he informed her that he no longer wanted her services, she was nonetheless not authorized to file a charging lien before the final judgment was entered.

## 2. Pleadings— denial of motion to impose Rule 11 sanctions— appropriate motion but wrong statute or rule

The trial court did not err by denying appellant attorney's motion to impose Rule 11 sanctions on plaintiff appellee based on his motion to strike her charging lien, because: (1) appellant has not cited any cases, and none were found, holding that a party is required to abandon a motion based simply on a party opponent's disagreement with its interpretation of the law; (2) plaintiff did not cite any case law requiring a party to amend its motion every time a new or more persuasive legal basis is found; (3) appellee's motion to strike sought relief to which he was entitled when the notice of charging lien violated the legal sufficiency prong of Rule 11 and the charging lien was improperly filed; and (4) appellant cites no cases holding that Rule 11 sanctions are mandatory against a party who files an appropriate motion but cites the wrong statute or rule therein.

Appeal by appellant-attorney, who is not one of the captioned parties, from judgment entered 17 March 2006 by Judge Becky Thorne Tin in Mecklenburg County District Court. Heard in the Court of Appeals 22 March 2007.

*Aylward at Fenton Place, by Ilonka Aylward for appellant.*

*Whitesides & Walker, L.L.P., by Annette R. Heim and James E. Wilson, for appellee.*

LEVINSON, Judge.

Appellant, attorney Ilonka Aylward, appeals an order imposing sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11, and denying her motion to impose Rule 11 sanctions on appellee. We affirm.

Appellant previously represented James Wilson (Wilson) in the above captioned case that included, *inter alia*, equitable distribution of the parties' marital assets. On 9 December 2005 the trial court faxed the parties' counsel a letter setting out the court's intended distribution. The judge's letter indicated that the court would address mathematical errors but would not consider further argument on the substantive findings. A final order for equitable distribution was entered on 21 February 2006.

On 12 January 2006, after the court had written to the parties about its proposed order for equitable distribution, but before the

**WILSON v. WILSON**

[183 N.C. App. 267 (2007)]

order had been entered, Wilson informed appellant that he no longer wished her to represent him by letter stating that he was "terminating [her] representation of [him] effective immediately." Appellant formally withdrew as counsel on 6 February 2006. On 13 January 2006, appellant filed a "Notice of Charging Lien for Attorney's Fees." The notice asserted "an attorney's fee charging lien [of approximately $81,200] against the Judgment of Equitable Distribution signed 9 December 2005" which appellant claimed was owed for her "services rendered in the representation of the Plaintiff by [appellant]."

On 31 January 2006 Wilson filed a motion asking the court to strike the charging lien, impose sanctions against appellant under N.C. Gen. Stat. § 1A-1, Rule 11, and award attorney's fees. In his verified motion, which he asked the trial court to treat as an affidavit, Wilson said that he ended appellant's employment as his counsel on 12 January 2006 and had hired substitute counsel, and that proceedings with the North Carolina State Bar had been initiated to resolve the substantive dispute between Wilson and appellant regarding attorney's fees. In addition, the motion stated in pertinent part that:

4. The "Notice of Charging Lien" . . . is deficient in that it fails to have any supporting affidavits[.]

. . . .

6. . . . [T]he "Notice of Charging Lien" . . . does not provide the sufficient notice required by North Carolina General Statutes Rule 8(a)(1)[.]

7. The "Notice of Charging Lien" . . . is not well-grounded or warranted in law or equity[.] . . . [Appellant] is subject to sanctions pursuant to N.C.G.S. Rule 11 sanctions. .

On 8 February 2006 appellant filed an affidavit opposing Wilson's motion to strike, and moved for Rule 11 sanctions against Wilson. Appellant asserted that (1) a charging lien was not a pleading, and therefore did not have to comply with N.C. Gen. Stat. § 1A-1, Rule 8, and (2) a charging lien was not legally required to be filed with an attached affidavit. Appellant agreed that Mr. Wilson fired her on 12 January 2006, and that their dispute was set for mediation.[1] Appellant sought Rule 11 sanctions, on the grounds that Wilson's motion to strike was not grounded in fact, not warranted by existing law or a good faith argument for a change in the law, and was interposed for

---

1. The trial court entered an order on 6 February 2006, allowing appellant to withdraw as counsel.

the improper purpose of delaying the date when he would have to pay attorney's fees.

A hearing was conducted on the parties' motions on 27 February 2006. Following the hearing the trial court, in an order entered 17 March 2006, ordered the notice of charging lien stricken by the court's own motion and imposed $1,868.10 in Rule 11 sanctions against appellant, this being the amount Wilson had spent in attorney's fees to defend against the charging lien. The order also denied appellant's motion for Rule 11 sanctions and attorney's fees. From this order appellant has appealed.

### Standard of Review

N.C. Gen. Stat. § 1A-1, Rule 11(a) (2005) states in relevant part:

> . . . Every pleading . . . shall be signed by at least one attorney of record . . . [which] constitutes a certificate by him that he has read the pleading, . . . [and] that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law . . . and that it is not interposed for any improper purpose[.] . . . If a pleading . . . is signed in violation of this rule, the court . . . shall impose upon the person who signed it . . . an appropriate sanction. . . .

"The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a)." *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

[1] We first address appellant's argument that the court erred by imposing Rule 11 sanctions for her filing a charging lien. Appellant asserts that sanctions were improperly imposed, on the grounds that: (1) she was given no notice that Rule 11 sanctions might be imposed on the basis of an alleged "improper purpose" for filing the charging lien; (2) the trial court did not allow her to be heard on the issue of sanctions; and (3) the order for sanctions was based in part on findings of fact for which there is no competent evidence. We disagree.

## WILSON v. WILSON

[183 N.C. App. 267 (2007)]

Appellant argues that she did not have notice that sanctions might be imposed. " 'Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution.' " *Griffin v. Griffin*, 348 N.C. 278, 280, 500 S.E.2d 437, 438 (1998) (insufficient notice where appellant "was notified that sanctions were proposed for filing the adoption proceeding, but sanctions were imposed for [filing] something else") (quoting *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448, 450 S.E.2d 888, 891 (1994)).

In the instant case, appellant clearly had notice that Wilson sought the imposition of sanctions against her. She had notice that sanctions were sought under Rule 11, and that the basis for seeking sanctions was her improper filing of a notice of charging lien. Appellant, however, asserts that this notice was insufficient in that it did not inform her of, *e.g.*, which "prong" of Rule 11 might be the basis for sanctions, which rule or statute might be cited by opposing counsel, or which cases might be cited at the hearing. Appellant has not cited any cases requiring this level of detail, and we conclude that appellant had sufficient notice that Rule 11 sanctions might be ordered against her, and that the basis was her filing of the notice of charging lien. *See Dunn v. Canoy*, 180 N.C. App. 30, 40, 636 S.E.2d 243, 250 (2006) (where trial court "specifically informed" appellant "he was considering imposing Rule 11 sanctions"; "accepted an affidavit" from appellant; and questioned him and the other lawyers involved, this Court holds appellant "was thus given notice of the 'charges' against him in advance and was given an opportunity to be heard [and his] . . . due process rights were fully protected").

Appellant also asserts that she was not given the opportunity to be heard at the hearing on this matter. The transcript of the hearing consists of eighteen (18) pages. Appellant and opposing counsel each made arguments resulting in approximately six transcript pages each. It is true that at the end of the hearing, the trial court directed appellant to be quiet and allow her to rule on the matter. However, we conclude that appellant was given an opportunity to be heard. This assignment of error is overruled.

We next consider whether Rule 11 sanctions were properly imposed for appellant's filing of a notice of charging lien. "The charging lien is an equitable lien which gives an attorney the right to recover his fees from a fund recovered by his aid. The charging lien attaches not to the cause of action, but to the judgment at the time

it is rendered." *Covington v. Rhodes*, 38 N.C. App. 61, 67, 247 S.E.2d 305, 309 (1978) (internal quotation marks omitted) (citations omitted). However:

> The well established law in North Carolina is that no right to an attorney's charging lien exists when an attorney working pursuant to a contingent fee agreement withdraws prior to settlement or judgment being entered in the case . . . Under existing law, the former attorney's sole remedy is to institute an action for *quantum meruit* recovery of fees against the former client.

*Mack v. Moore*, 107 N.C. App. 87, 91-92, 418 S.E.2d 685, 688 (1992) (citation omitted). In *Mack v. Moore*, an attorney filed a charging lien after withdrawing from representation and before judgment was entered. This Court upheld the imposition of Rule 11 sanctions in part for legal insufficiency:

> Thus, assuming a reasonable inquiry, the pivotal question is whether a reasonable person in [appellant's] position (i.e., an attorney), after having read and studied the applicable law as previously set forth in this opinion, would have concluded that she had the right to assert an attorney's charging lien under the circumstances of this case. The answer is no. Accordingly, the trial court's order imposing sanctions . . . for violation of the legal sufficiency prong of Rule 11 must be upheld.

*Id.* at 107 N.C. App. at 92, 418 S.E.2d at 688-89.

In the instant case, we conclude that appellant was not entitled to file a charging lien.

First, our common law has generally limited the use of a charging lien to representation taken on a contingency basis. Appellant asserts that she and Wilson agreed to "carve out a small part of work to be contingent on the correction of a perceived error by the trial court judge." However, that was, as appellant concedes, a "small part" of her work, and did not transform the parties' contract for legal representation at an hourly rate of $225/hour into a *bona fide* "contingency contract." Further, the charging lien makes a claim for far more than the amount owed for the work done on a contingent basis. Appellant does not address this issue.

Regarding the rule that a charging lien must be filed by the attorney of record at the time judgment is entered, it is uncontradicted that the charging lien was filed after Wilson had dismissed appellant

as his attorney, but before she had received permission from the trial court to formally withdraw from the case. Appellant argues that until she withdrew she remained Wilson's counsel of record, and thus was entitled to file a charging lien. We do not reach this issue because it is clear that appellant did not meet the other requirement for filing a charging lien.

Appellant filed the charging lien after the trial court had faxed counsel its proposed distribution, which appellant described in her response to the motion to strike by saying that the trial court "entered her decision by letter ruling signed on 9 December 2006 (the "Letter Ruling")." However, "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2005). Thus, the purported "letter ruling" by fax did not constitute a final judgment. Accordingly, we conclude that appellant was not entitled to file the notice of charging lien because, even assuming *arguendo* that she could act as Wilson's attorney after he informed her that he no longer wanted her services, she was nonetheless not authorized to file a charging lien before the final judgment was entered.

"There are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose. A violation of any one of these requirements mandates the imposition of sanctions under Rule 11. Because we find plaintiff violated the legal sufficiency requirement, we find it unnecessary to address the others." *Dodd v. Steele*, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365 (1994) (citing *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992), and N.C. Gen. Stat. § 1A-1, Rule 11 [(2005)]). We conclude that Rule 11 sanctions were properly imposed for failing to meet the legal sufficiency requirement of the rule. This assignment of error is overruled.

---

[2] Appellant also argues that the trial court committed reversible error by denying her motion for Rule 11 sanctions against Wilson. Appellant's arguments rest on the premise that her response to the motion to strike conclusively demonstrated that the motion to strike was baseless and invalid, thus requiring Wilson to withdraw the motion or face Rule 11 sanctions. We disagree.

Appellant's response disputed Wilson's stated grounds for the motion to strike, the failure to attach an affidavit or comply with N.C. Gen. Stat. § 1A-1, Rule 8 (2005). However, appellant's position was not supported by any case law, but only by her own interpretation of the

language of Rule 8. Appellant has not cited any cases, and we find none, holding that a party is <u>required</u> to abandon a motion based simply on a party opponent's disagreement with its interpretation of the law. Nor does she cite any case law requiring a party to amend its motion every time a new or more persuasive legal basis is found.

Moreover, as discussed above, the notice of charging lien violated the "legal sufficiency" prong of the Rule 11 analysis; the charging lien was improperly filed, if only on the basis that no final judgment had been entered. Wilson's motion to strike therefore sought relief to which he was entitled, even if not on the basis of the rules cited in his motion. Appellant cites no cases holding that Rule 11 sanctions are mandatory against a party who files an appropriate motion, but cites the wrong statute or rule therein. This assignment of error is overruled.

For the reasons discussed above, we hold that the trial court's order imposing Rule 11 sanctions must be

Affirmed.

Judges BRYANT and STEELMAN concur.