ANDREW EGELHOF, Derivatively on Behalf of Red Hat, Inc., Plaintiff v. MATTHEW
J. SZULIK, KEVIN B. THOMPSON, PAUL J. CORMIER, TIMOTHY J. BUCKLEY,
MARK H. WEBBINK, ALEX PINCHEV, ROBERT F. YOUNG, EUGENE J.
McDONALD, F. SELBY WELLMAN, MARYE A. FOX, WILLIAM S. KAISER, DR.
STEVE ALBRECHT and H. HUGH SHELTON, Defendants

No. COA08-452

(Filed 18 November 2008)

### 1. Constitutional Law— due process—sanctions—notice and opportunity to be heard

Plaintiff and plaintiff's counsel were not denied due process in the imposition of non-monetary sanctions based on their pleadings in a shareholder derivative action against corporate officers where they received notice that sanctions were being sought and of the basis of those sanctions, and were given the opportunity to present arguments and testimony on their behalf.

### 2. Pleadings— sanctions—represented party—not signing pleading—subject to sanctions

Plaintiff and plaintiff's out-of-state counsel were represented parties and were subject to Rule 11 sanctions where the original complaint was signed only by plaintiff's North Carolina attorney, and the amended complaint was signed by that attorney and contained a verification by out-of-state counsel which said that the verification was made because plaintiff was absent from San Diego, where the attorney maintained his office. The portion of *Higgins v. Patton*, 102 N.C. App. 301, that held that defendants could request sanctions against represented plaintiffs regardless of whether they had signed the complaint was not overturned by a later case.

### 3. Pleadings— sanctions—facial reading of pleading

The trial court should not have ordered Rule 11 non-monetary sanctions against plaintiff and his out-of-state counsel where defendants alleged only that plaintiff's claim was not well grounded in fact and did not allege that plaintiff had filed his claim for any improper purpose; the trial court found that the initial pleadings would not alone support Rule 11 sanctions; and the court further found that sanctions were warranted when the combination of all the factors was considered. It has been held that the court must look at the face of the pleading when determining whether a pleading was warranted by existing law and must not read it in conjunction with responsive pleadings.

EGELHOF v. SZULIK

[193 N.C. App. 612 (2008)]

**4. Costs— attorney fees—justiciable issue—shareholder's derivative action**

The trial court's statements indicate that it exercised its discretion in denying defendants' request for attorney fees pursuant to N.C.G.S. § 6-21.5, and the court did not abuse its discretion where it found that the shareholder derivative issue raised by plaintiff was difficult, fact specific and contextual.

**5. Pleadings— sanctions—supported by findings**

The trial court's denial of Rule 11 sanctions was supported by findings concerning the difficult and case-by-case nature of the shareholder derivative issue raised in the complaint.

Judge CALABRIA concurring in part and dissenting in part.

Appeal by plaintiff and plaintiff's out-of-state counsel and cross-appeal by defendants from order entered on or after 4 February 2008 by Judge Ben F. Tennille in Wake County Superior Court. Heard in the Court of Appeals 25 September 2008.

*Manning, Fulton & Skinner, P.A., by Michael T. Medford, for plaintiff Andrew Egelhof.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Pressly M. Millen and Sean E. Andrussier, for defendants.*

*Everett, Gaskins, Hancock & Stevens, L.L.P., by E.D. Gaskins, Jr. and Louis E. Wooten, III, for appellants Brian J. Robbins, Jeffrey P. Fink, Steven R. Wedeking and Robbins Umeda & Fink, L.L.P.*

TYSON, Judge.

Andrew Egelhof ("plaintiff") and his out-of-state counsel, Jeffrey P. Fink, Brian J. Robbins, Steven R. Wedeking, and the law firm of Robbins Umeda & Fink, LLP (collectively, "plaintiff's counsel") appeal from order entered, which: (1) imposed sanctions on plaintiff and plaintiff's counsel and (2) failed to award Matthew J. Szulik, Kevin B. Thompson, Paul J. Cormier, Timothy J. Buckley, Mark H. Webbink, Alex Pinchev, Robert F. Young, Eugene J. McDonald, F. Selby Wellman, Marye A. Fox, William S. Kaiser, Dr. Steve Albrecht, and H. Hugh Shelton (collectively, "defendants") attorneys' fees and expenses. Defendants cross-appeal the denial of attorneys' fees as sanctions. We affirm in part and reverse in part.

EGELHOF v. SZULIK

[193 N.C. App. 612 (2008)]

## I. Background

On 18 August 2004, plaintiff filed a Verified Shareholder Derivative Complaint against defendants on behalf of Red Hat, Inc. ("Red Hat"). Plaintiff alleged defendants: (1) engaged in insider trading; (2) breached their fiduciary duty; (3) abused their control of Red Hat; (4) grossly mismanaged Red Hat; (5) wasted valuable corporate assets; and (6) were unjustly enriched. On 29 December 2004, the case was designated as a complex business case and transferred to the special superior court for complex business cases. Defendants moved to dismiss the complaint on 27 June 2005 and alleged: (1) the complaint failed to adequately plead demand futility under Delaware law and (2) all counts should be dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

Plaintiff amended his complaint on 21 July 2005. Defendants moved to dismiss the amended complaint on 29 September 2005. In its order filed 13 March 2006, the trial court granted defendants' motion to dismiss with prejudice "on the grounds that the Amended Complaint does not establish demand futility under Delaware law and because [plaintiff] is no longer a shareholder and thus lacks standing to pursue this action." Plaintiff failed to appeal the trial court's grant of defendants' motion to dismiss.

On 25 April 2006, defendants filed a motion for attorneys' fees pursuant to N.C. Gen. Stat. § 1A-1, Rule 11 and N.C. Gen. Stat. § 6-21.5. Defendants alleged: (1) "[p]laintiff filed his claim when it was neither well grounded in fact nor warranted by existing law[]" and (2) "there was a complete absence of a justiciable issue of either law or fact raised by [p]laintiff in his pleadings." After a hearing on 9 June 2006, the trial court ordered defendants to depose plaintiff. Plaintiff was deposed on 13 July 2006. Counsel for both plaintiff and defendants were present and participated in the deposition.

The trial court entered its final order on defendants' motion for attorneys' fees on 4 February 2008. The trial court's order: (1) prohibited plaintiff from acting as a shareholder derivative plaintiff or a class action representative in the state courts of North Carolina for a period of five years; (2) required Mr. Fink to pay *pro hac vice* fees; (3) prohibited plaintiff's counsel from appearing *pro hac vice* in the state courts of North Carolina for a period of five years; and (4) denied defendants' motion for attorney fees and expenses. Plaintiff and plaintiff's counsel appeal. Defendants cross-appeal.

EGELHOF v. SZULIK

[193 N.C. App. 612 (2008)]

## II. Issues

Plaintiff and plaintiff's counsel argue the trial court erred when it imposed non-monetary sanctions. On cross-appeal, defendants argue the trial court erred when it failed to award attorneys' fees.

## III. Plaintiff's and Plaintiff's Counsel's Appeal

Plaintiff and plaintiff's counsel argue the trial court erred when it imposed non-monetary sanctions: (1) without notice or hearing; (2) when plaintiff and plaintiff's counsel did not sign the amended complaint; and (3) were based upon unsupported findings of fact.

## A. Due Process

[1] "Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, section 17, of the North Carolina Constitution." *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448, 450 S.E.2d 888, 891 (1994). "It is not adequate for the notice to say only that sanctions are proposed. The bases for the sanctions must be alleged." *Griffin v. Griffin*, 348 N.C. 278, 280, 500 S.E.2d 437, 439 (1998) (citing *Taylor v. Taylor Prods. Inc.*, 105 N.C. App. 620, 629, 414 S.E.2d 568, 575 (1992), *overruled on other grounds by Brooks v. Giesey*, 334 N.C. 303, 317, 432 S.E.2d 339, 347 (1993)). "In order to pass constitutional muster, the person against whom sanctions are to be imposed must be advised in advance of the charges against him." *Id.*

Plaintiff and plaintiff's counsel cite *Gagliardi v. McWilliams* for the proposition that due process requires a party to be put on notice of the type of sanctions that could possibly be ordered by the trial court. 834 F.2d 81 (3rd Cir. 1987). In *Gagliardi*, the United States Court of Appeals for the Third Circuit vacated the district court's order and stated:

The general request for "other appropriate relief" was insufficient notice to Gagliardi, who was proceeding pro se, of the possibility that his resort to the courts would be precluded without initial scrutiny by the district court. Even an experienced attorney would not have expected this type of injunctive sanction without some more specific notice.

834 F.2d at 83.

Neither our Supreme Court nor this Court have required a party, against whom statutory sanctions have been sought, to be put on notice of the specific type of sanctions, which may be ordered. North Carolina has consistently required only: (1) notice of the bases of the sanctions and (2) an opportunity to be heard. *See Griffin*, 348 N.C. at 280, 500 S.E.2d at 439; *see also Wilson v. Wilson*, 183 N.C. App. 267, 271, 644 S.E.2d 379, 382, *disc. rev. denied*, 362 N.C. 92, 657 S.E.2d 32 (2007); *Dunn v. Canoy*, 180 N.C. App. 30, 40, 636 S.E.2d 243, 250 (2006), *disc. rev. denied*, 361 N.C. 351, 645 S.E.2d 766 (2007); *Megremis v. Megremis*, 179 N.C. App. 174, 178-79, 633 S.E.2d 117, 121 (2006); *Zaliagiris v. Zaliagiris*, 164 N.C. App. 602, 609, 596 S.E.2d 285, 290 (2004), *disc. rev. denied*, 359 N.C. 643, 617 S.E.2d 662 (2005).

Here, defendants' 25 April 2006 motion for attorney fees stated:

Defendants . . . respectfully move for the entry of an order awarding to Defendants their reasonable attorneys' fees for services rendered by their attorneys in defense of this action pursuant to the following statutory authority:

a. N.C. Gen. Stat. § 1A-1 (Rule 11 of the North Carolina Rules of Civil Procedure) *on the grounds that Plaintiff filed his claim when it was neither well grounded in fact nor warranted by existing law; and*

b. N.C.G.S. § 6-21.5 *on the grounds that there was a complete absence of a justiciable issue of either law or fact raised by Plaintiff in his pleadings.*

(Emphasis supplied). Plaintiff subsequently submitted a memorandum of law in opposition to defendants' motion for attorneys' fees. On 9 June 2006, the trial court conducted a hearing on defendants' motion for attorneys' fees. The trial court's order filed on or about 12 June 2006 ordered defendants to depose plaintiff and stated:

The scope of the deposition may include, but is not limited to: (1) [plaintiff]'s ownership of stock in Red Hat . . . and any other connection or involvement he may had had with Red Hat . . ., (2) his involvement with this litigation, including how he came to be involved and the extent of his knowledge of the proceedings in this litigation, (3) his involvement as plaintiff in any other shareholder derivative or class action litigation, (4) the general nature of any litigation in which he has been represented by Robbins, Umeda & Fink, (5) his connection with any lawyers, employees or agents of Robbins, Umeda & Fink, (6) any fee agreement or

expectation of compensation he had with Robbins, Umeda & Fink in connection with this litigation, (7) his general work experience and educational background, (8) any criminal record which would impact his suitability to represent the corporation in this shareholder derivative action, and (9) the reasons for and timing of his selling his stock and abandoning his position in this litigation. Except as provided above he shall not be subject to examination about his personal life or finances. Nor shall he be required to disclose any substantive advice on legal issues provided in connection with his status as a shareholder derivative plaintiff by Robbins, Umeda & Fink. Any such communications that would be subject to the attorney client privilege shall not be the subject of examination.

Plaintiff and plaintiff's counsel were given notice of the "bases" of the alleged sanctions against them and were given an opportunity to present arguments and testimony on their behalf. Plaintiff's and plaintiff's counsel's due process rights were fully protected. *Griffin*, 348 N.C. at 280, 500 S.E.2d at 439; *see also Dunn*, 180 N.C. App. at 40, 636 S.E.2d at 250 (where the trial court "specifically informed [the appellant] that [it] was considering imposing Rule 11 sanctions[;]" "accepted an affidavit" from the appellant; and questioned the appellant and the other lawyers involved, this Court held the appellant "was thus given notice of the 'charges' against him in advance[,] . . . was given an opportunity to be heard[,] [and the appellant's] . . . due process rights were fully protected"). This assignment of error is overruled.

## B. Signature on Amended Complaint

[2] The only signature on plaintiff's original complaint is that of F. Lane Williamson, plaintiff's North Carolina attorney. Plaintiff's amended complaint is again signed by F. Lane Williamson and contains a verification signed by out-of-state counsel, Jeffery P. Fink, which says, "I make this Verification because plaintiff is absent from the County of San Diego where I maintain my office." Plaintiff and plaintiff's counsel contend that the trial court could not enter non-monetary sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11 without their signatures on the amended complaint. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 11(a) (2005) allows the trial court to impose on the signer of the pleading, "a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses in-

curred . . . ." In *Higgins v. Patton,* this Court held "the defendants were entitled to request sanctions against the attorney, as signer of the complaint, and against both plaintiffs as represented parties, regardless of whether the plaintiffs signed the complaint." 102 N.C. App. 301, 305, 401 S.E.2d 854, 856 (1991), *rev'd in part by Bryson v. Sullivan,* 330 N.C. 644, 656-57, 412 S.E.2d 327, 333 (1992). In *Higgins,* this Court also held that "the complaint meets the legal certification requirement of Rule 11. When considered in conjunction with the answer, the complaint facially presents a plausible claim for trespass." 102 N.C. App. at 306, 401 S.E.2d at 857 (citation omitted). As noted above and contrary to the dissenting opinion's assertion, defendant never asserted in their motion, or argued in any of the hearings, that plaintiff filed his complaint "for any improper purpose" under either N.C. Gen. Stat. § 1A-1, Rule 11 or N.C. Gen. Stat. § 6-21.5. *Bryson,* 330 N.C. at 655, 412 S.E.2d at 332.

Our Supreme Court in *Bryson* held that:

> in determining whether a pleading was warranted by existing law *at the time it was signed the court must look at the face of the pleading and must not read it in conjunction with responsive pleadings* as the Court of Appeals erroneously held in the case and in other Rule 11 opinions. *E.g., Higgins v. Patton,* 102 N.C. App. 301, 306, 401 S.E.2d 854, 857 . . . .

330 N.C. at 656-57, 412 S.E.2d at 333 (emphasis supplied). Our Supreme Court further stated:

> The legal question of whether a client whose counsel signs a pleading that violates Rule 11 but who does not himself sign the challenged pleading may be subject to sanctions under Rule 11 is not an issue arising on this appeal. The record shows that both of the plaintiffs signed the complaint. The authorities are divided on this question. . . . We thus leave this question to another day.

*Id.* at 659, 412 S.E.2d at 334-35 (footnote omitted).

Only that portion of *Higgins* which held the complaint should be "considered in conjunction with the answer" was overturned by our Supreme Court in *Bryson. Higgins,* 102 N.C. App. at 306, 401 S.E.2d at 857; *Bryson,* 330 N.C. at 656-57, 412 S.E.2d at 333. This Court remains bound by that portion of *Higgins* which held that "the defendants were entitled to request sanctions against . . . both plaintiffs as represented parties, regardless of whether the plaintiffs signed the complaint." 102 N.C. App. at 305, 401 S.E.2d at 856; *see also*

*In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." (Citations omitted)). We hold that both plaintiff and plaintiff's counsel, as represented parties, were subject to sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11. *Higgins*, 102 N.C. App. at 305, 401 S.E.2d at 856. This assignment of error is overruled.

### C. Findings of Fact

**[3]** Plaintiff and plaintiff's counsel argue the trial court erred when it entered N.C. Gen. Stat. § 1A-1, Rule 11 non-monetary sanctions based upon unsupported findings of fact.

### 1. Standard of Review

The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

Finally, in reviewing the appropriateness of the particular sanction imposed, an abuse of discretion standard is proper because the rule's provision that the court shall impose sanctions for motions abuses concentrates the court's discretion on the *selection* of an appropriate sanction rather than on the *decision* to impose sanctions.

*Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989) (internal citation and quotation omitted) (emphasis original).

### 2. Analysis

According to Rule 11, the signer certifies that three distinct things are true: the pleading is (1) well grounded in fact; (2) warranted by existing law, "or a good faith argument for the extension, modification, or reversal of existing law" (legal sufficiency);

**EGELHOF v. SZULIK**

[193 N.C. App. 612 (2008)]

and (3) not interposed for any improper purpose. A breach of the certification as to any one of these three prongs is a violation of the Rule.

*Bryson*, 330 N.C. at 655, 412 S.E.2d at 332.

As noted above, defendants' motion for attorneys' fees alleged only that "Plaintiff filed his claim when it was neither well grounded in fact nor warranted by existing law . . . ." Defendants did not allege that plaintiff had filed his claim "for any improper purpose." *Id.* In *Bryson*, our Supreme Court held, as stated above, that "in determining whether a pleading was warranted by existing law at the time it was signed the court must look at the face of the pleading and must not read it in conjunction with responsive pleadings . . . ." 330 N.C. at 656-57, 412 S.E.2d at 333.

Here, the trial court stated in its order that "[it] does not believe that the initial pleadings in this case would, standing alone, support Rule 11 sanctions." The trial court further found that "when the combination of all the factors is considered, sanctions are warranted." Based on our Supreme Court's holding in *Bryson* and defendants failure to seek sanctions "for any improper purpose[,]" the trial court erred when it ordered sanctions to be imposed based on matters other than a review of the face of plaintiff's amended complaint. 330 N.C. at 655-57, 412 S.E.2d at 332-33. The trial court's entry of sanctions against plaintiff and plaintiff's counsel is reversed.

## IV. Defendants' Cross-Appeal

Defendants argue the trial court erred when it: (1) failed to rule on their motion for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5 and (2) denied their motion for attorneys' fees pursuant to N.C. Gen. Stat. § 1A-1, Rule 11.

## A. N.C. Gen. Stat. § 6-21.5

[4] Defendants argue the trial court failed to address their motion for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5 and that failure constituted reversible error. We disagree.

## 1. Standard of Review

The decision whether to award attorney's fees is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. *Martin Architectural Prods., Inc. v. Meridian Constr. Co.*, 155 N.C. App. 176, 182, 574 S.E.2d 189, 193 (2002). An

abuse of discretion occurs when a decision is "either manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Country Club of Johnston Cty., Inc. v. U.S. Fidelity & Guar. Co.*, 150 N.C. App. 231, 248, 563 S.E.2d 269, 280 (2002) (quotation omitted).

### 2. Analysis

The trial court's order states:

> This matter is before the Court on Defendants' Motion for Attorneys' Fees filed after the Court granted Defendants' Motion to Dismiss. *The Court has concluded that it will not award attorney fees on the basis asserted by Defendants.* However, the Motion has brought to the Court's attention certain actions on the part of [plaintiff], the shareholder representative, and his out-of-state counsel which are of sufficient concern to the Court that the Court will enter non-monetary sanctions.

(Emphasis supplied).

Based upon the trial court's statement that "it will not award attorney fees on the basis asserted by Defendants[,]" it is clear that the trial court exercised its discretion and chose to deny defendants' motion for attorneys' fees pursuant to both N.C. Gen. Stat. § 1A-1, Rule 11 *and* N.C. Gen. Stat. § 6-21.5. The trial court did not "fail[] to exercise its discretion under the statute . . . ." Defendant's assertions to the contrary are overruled.

Defendants have also failed to show that the trial court manifestly abused its discretion when it denied defendants' motion for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5. Under N.C. Gen. Stat. § 6-21.5 (2005), a trial court "may award a reasonable attorney's fees to the prevailing party if the court finds there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." When reviewing a motion brought under N.C. Gen. Stat. § 6-21.5, the trial court is "required to evaluate whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 258, 400 S.E.2d 435, 438 (1991).

The trial court, in its Order on Motion for Attorney Fees, found: (1) "[d]emand futility under Delaware law . . . . is an area fraught with difficulty and not susceptible to bright-line tests[;]" (2) "[t]he test for

demand futility under Delaware law is always fact specific and contextual[;]" (3) "[t]he application of the law is done on a case-by-case basis[;]" and (4) "it will not award attorney fees on the basis asserted by Defendants."

Defendants have failed to show that the trial court's decision to deny their motion for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5 was "either manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Country Club of Johnston Cty., Inc.*, 150 N.C. App. at 248, 563 S.E.2d at 280 (quotation omitted). Under the applicable standard of review of the trial court's discretionary ruling, this assignment of error is overruled.

## B. N.C. Gen. Stat. § 1A-1, Rule 11

**[5]** Because the trial court initially found "that [it] d[id] not believe that the initial pleadings in this case would, standing alone, support Rule 11 sanctions[,]" it is unnecessary to remand this matter to the trial court for a determination of whether Rule 11 sanctions would be appropriate based solely on the face of the amended complaint. *Bryson*, 330 N.C. at 656-57, 412 S.E.2d at 333. We will treat the trial court's finding as a decision not to impose sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11 and review it according to the framework established by our Supreme Court in *Turner*. 325 N.C. at 165, 381 S.E.2d at 714.

The trial court's conclusion of law "that the initial pleadings in this case would [not], standing alone, support Rule 11 sanctions[]" is supported by its findings of fact. The trial court found: (1) "[d]emand futility under Delaware law . . . . is an area fraught with difficulty and not susceptible to bright-line tests[;]" (2) "the test for demand futility under Delaware law is always fact specific and contextual[;]" and (3) "[t]he [trial] [c]ourt's decision and order in *Pozen* was not entered until after the original *Egelhof* Complaint and Amended Complaint were filed; therefore [p]laintiff's counsel did not have the benefit of that decision when drafting the pleadings."

After a thorough review of the record on appeal, we hold that these findings of fact are supported by sufficient evidence. *Id.* The trial court properly found the imposition of Rule 11 sanctions was not appropriate based solely on review of the face of the complaint. The trial court's denial of defendants' motion for attorney fees pursuant to N.C. Gen. Stat. § 1A-1, Rule 11 is affirmed.

## V. Conclusion

Plaintiff and plaintiff's counsel received notice that Rule 11 sanctions were being sought against them and the statutory basis of those sanctions. N.C. Gen. Stat. § 1A-1, Rule 11(a). Plaintiff and plaintiff's counsel were provided an opportunity to be heard by and present evidence to the trial court on defendants' motion for attorneys' fees. Plaintiff's and plaintiff's counsel's due process rights were fully protected. *Griffin*, 348 N.C. at 280, 500 S.E.2d at 439. Both plaintiff and plaintiff's counsel, as represented parties, were subject to sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11(a). *Higgins*, 102 N.C. App. at 305, 401 S.E.2d at 856.

In determining whether plaintiff's amended complaint was well grounded in fact and warranted by existing law, the trial court failed to solely review the face of the amended complaint. *Bryson*, 330 N.C. at 656-57, 412 S.E.2d at 333. That portion of the trial court's order, which imposed sanctions against plaintiff and plaintiff's counsel under Rule 11 is reversed.

Contrary to defendants' assertion, the trial court exercised its discretion pursuant to N.C. Gen. Stat. § 6-21.5. Defendants failed to show the trial court manifestly abused its discretion when it denied defendants' motion for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5. The trial court properly determined that Rule 11 sanctions were not appropriate based solely on review of the face of the amended complaint. The trial court's denial of defendants' motion for attorneys' fees pursuant to N.C. Gen. Stat. §§ 1A-1, Rule 11 and 6-21.5 is affirmed.

Those portions of the trial court's order, which ordered: (1) Jeffrey P. Fink to pay "the North Carolina State Bar and the Clerk of Court of Wake County an amount equal to the amount he would have been required to pay had he properly filed a *pro hac vice* motion and been admitted to appear in this action[]" and (2) "Mr. Williamson will insure that [plaintiff] receives a copy of this order[,]" are not before us and are left undisturbed.

Affirmed in Part and Reversed in Part.

Judge McCULLOUGH concurs.

Judge CALABRIA dissents by separate opinion.

CALABRIA, Judge, concurs in part and dissents in part.

I concur with the majority that the plaintiff and plaintiff's counsel were given appropriate notice of the basis for the sanctions that were brought against them and had an opportunity to be heard. However, I respectfully dissent from the majority's holding that the defendants must specifically allege that plaintiff filed claims "for an improper purpose." The trial court correctly imposed non-monetary sanctions under both Rule 11 and their inherent power to discipline attorneys who appear before the court. Furthermore, I agree with the defendants that the trial court erred by failing to award attorney's fees.

## I. Rule 11

Rule 11 of the North Carolina Rules of Civil Procedure states in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or *upon its own initiative*, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

N.C. Gen. Stat. § 1A-1, Rule 11 (2007) (emphasis added).

The majority states that the trial court erred by imposing sanctions "based on matters other than a review of the face of the plaintiff's amended complaint," and relies on the Supreme Court's holding in *Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992). The *Bryson* Court did indeed hold that "in determining whether a pleading was warranted by existing law at the time it was signed the court must look at the face of the pleading." *Id.* at 656-57, 412 S.E.2d at 333. The majority argues that because defendants did not allege that plaintiff filed his claim for an improper purpose, or failed to seek sanctions specifically for an improper purpose, the trial court may not consider the actions of the plaintiff beyond the pleadings. I disagree.

EGELHOF v. SZULIK

[193 N.C. App. 612 (2008)]

Although the *Bryson* Court limits whether or not to impose sanctions under the legal sufficiency prong of Rule 11, sanctions are not limited when later filings reveal the case has become meritless. The trial court may look beyond the face of the pleading when considering whether litigation was continued for an improper purpose. "[O]nce responsive pleadings or other papers are filed and the case has become meritless, failure to dismiss or further prosecution of the action may result in sanctions either under the improper purpose prong of the Rule, or under other rules, or pursuant to the inherent power of the court." *Id.* at 658, 412 S.E.2d at 334. The existence of an improper purpose under Rule 11 is determined by an objective standard. *Id.* at 656, 412 S.E.2d at 333. The plain language of Rule 11 gives the trial court the power to impose sanctions "upon its own initiative." An omission in the allegations by a party to the action cannot serve to take away the power of the court provided by Rule 11 to impose appropriate sanctions.

In the case *sub judice*, the trial judge made ample findings of fact to support a conclusion that the plaintiff and his counsel maintained their complaint for an improper purpose by continuing to litigate even when it was clear, or should have been clear, that their claim was meritless. The trial judge concluded that "the initial pleadings in this case, would, standing alone, support Rule 11 sanctions." The judge found that "the shortcomings in the Complaint . . . demonstrate a disregard for or lack of attention to the rules of procedure as well as court decisions and admonitions." The court also noted that plaintiff's counsel failed to notify the plaintiff of the business court's decision in *In re Pozen Shareholders Litigation*, 2005 NCBC 7, a case in which plaintiff's counsel also appeared before the court and one which "could have had a direct impact on [plaintiff's] case." Plaintiff's counsel also failed to communicate to plaintiff a formal request from the defense counsel "that plaintiff reconsider going forward with the litigation following the *Pozen* decision." They failed to do so.

Furthermore, the trial judge found that this lack of communication led directly to plaintiff's counsel's ignorance of the fact that plaintiff sold all his shares of Red Hat and therefore completely divested himself of standing to pursue a shareholder derivative action in Red Hat's name. "[T]he firm should have possessed that information and in all probability would have but for its failure to inform [plaintiff] of the developments in his case." Indeed, as the court found, plaintiff "played no significant role in the litigation process."

Applying an objective standard as provided in *Bryson*, it is clear from the trial court's findings that plaintiff and plaintiff's counsel knew, or reasonably should have known, that the claims were meritless once plaintiff's counsel became aware of the business court's decision in *Pozen*. This, along with other findings of misconduct by both the plaintiff and his counsel support a conclusion that the complaint was filed and maintained for an improper purpose in violation of N.C. Gen. Stat. § 1A-1, Rule 11. Sanctions were appropriate and the trial court's decision imposing sanctions should be affirmed.

## II. Inherent Power of the Court to Discipline Attorneys

The trial court's authority to impose sanctions is not limited to Rule 11. Sanctions can also be ordered under a court's inherent power to deal with attorneys appearing before it. *North Carolina State Bar v. Randolph*, 325 N.C. 699, 701, 386 S.E.2d 185, 186 (1989). "[I]t has been held repeatedly that in North Carolina there are two methods by which disciplinary action or disbarment may be imposed upon attorneys—statutory and judicial." *Id.*, at 701-02, 386 S.E.2d at 186. "Nothing contained in [the statutes creating and empowering the State Bar to discipline attorneys] shall be construed as disabling or abridging the inherent powers of the court to deal with its attorneys." N.C. Gen. Stat. § 84-36 (2007). This power includes the power to disbar attorneys appearing before it. *See In re Delk*, 336 N.C. 543, 550, 444 S.E.2d 198, 201 (1994).

In the instant case, the trial judge made several findings of fact concerning misconduct by plaintiff's counsel, most notably counsel's violation of Rule 1.4 of the Rules of Professional Conduct of the North Carolina State Bar, which mandates communication between a lawyer and his client. Plaintiff's counsel "failed to keep its client informed of significant developments in the lawsuit, including a motion for sanctions which could directly affect the client." The trial judge also found "Mr. Egelhof, the firm, and the individual lawyers have failed in their duties and responsibilities to each other and to the Court."

Plaintiff's counsel argues in its brief that the court lacks the authority to prospectively prohibit out-of-state counsel from appearing in North Carolina courts *pro hac vice*. However, this "prospective" prohibition is analogous to the court's power to disbar in-state counsel appearing before it, a power which has been repeatedly affirmed in North Carolina courts. "The right to appear *pro hac vice* in the courts of another state is not a right protected by the Due Process

Clause of the Fourteenth Amendment." *In re Smith*, 301 N.C. 621, 630, 272 S.E.2d 834, 840 (1981).

"The purpose of the statutes governing an attorney's ability to be admitted *pro hac vice* is to afford [North Carolina] courts a means to control out-of-state counsel and to assure compliance with the duties and responsibilities of attorneys practicing in this State." *Couch v. Private Diagnostic Clinic*, 146 N.C. App. 658, 670, 554 S.E.2d 356, 365 (2001) (internal quotes omitted). In light of this purpose, it would be irrational to hold that the legislature intended to grant the power to "prospectively prohibit" licensed members of the North Carolina State Bar from appearing before North Carolina courts, but not exercise a similar power over out-of-state counsel. Therefore, I would affirm the trial court's imposition of non-monetary sanctions on plaintiff's counsel.

### III. Defendants' Motion for Attorney's Fees

In affirming the trial court's failure to award attorney's fees, the majority states that "it is clear that the trial court exercised its discretion and chose to deny defendants' motion for attorney's fees pursuant to both N.C. Gen. Stat. § 1A-1, Rule 11 *and* N.C. Gen. Stat. § 6-21.5." I agree with the majority that the trial court's decision whether or not to award attorney's fees may not be overturned absent an abuse of discretion. *Martin Architectural Prods. v. Meridian Constr. Co.*, 155 N.C. App. 176, 182, 574 S.E.2d 189, 193 (2002). However, "in deciding a motion brought under N.C.G.S. § 6-21.5, the trial court is *required* to evaluate whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 258, 400 S.E.2d 435, 438 (1991) (emphasis added). A plaintiff has "a continuing duty to review the appropriateness of persisting in litigating a claim which [is] alleged [to lack a justiciable issue]." *Bryson*, 330 N.C. at 660, 412 S.E.2d at 335 (quoting *Sunamerica, supra*).

The trial court made numerous findings of fact concerning misconduct by both plaintiff and his counsel as well as circumstances illustrating that their case was without merit. Nevertheless, the court denied any award of attorney's fees apparently because of the "timing" of the litigation relative to the order dismissing the *Pozen* case.

According to the record, the timeline began 10 November 2005 and ended 13 March 2006.

**EGELHOF v. SZULIK**

[193 N.C. App. 612 (2008)]

The Order dismissing the *Pozen* case was entered November 10, 2005. Defendants' reply to Plaintiff's response to the motion to dismiss [in the *Egelhof* case] was filed November 15, 2005. Mr. Egelhof sold his shares in Red Hat on December 31, 2005. Oral arguments on the motion to dismiss were originally scheduled for December 20, 2005, but were heard February 2, 2006, upon Plaintiff's motion. The Order dismissing *Egelhof* was entered March 13, 2006.

The court found that plaintiff's counsel had ample notice of *Pozen* and its impact on the instant case, since plaintiff's counsel personally represented the plaintiff in *Pozen*. Furthermore, the record includes a letter dated 14 November 2005 sent by defendants' counsel to plaintiff's counsel urging them to voluntarily dismiss the case in light of *Pozen*, in return for a waiver of any claim for fees and costs. The trial court's reliance on "timing" here seems misplaced, since oral arguments on the motion to dismiss occurred nearly *three months* after the dismissal of *Pozen*, and more than a month after plaintiff divested himself of standing by selling all his stock. Plaintiff ignored defendants' counsel and persisted in litigation after it was clear that there was no justiciable issue in the case.

The trial court never expressly evaluated whether or not the pleading contained a justiciable issue when the plaintiff persisted in opposing defendants' motion to dismiss, or whether the plaintiff reasonably should have known. The trial court's failure to adequately address defendants' motion under N.C. Gen. Stat. § 6-21.5 is an abuse of discretion and constitutes reversible error. The case should be remanded for consideration of that issue.

## Conclusion

I would affirm the trial court's imposition of non-monetary sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11 and its inherent authority to discipline attorneys appearing before it. The case should be remanded for consideration of defendants' motion for attorney's fees under N.C. Gen. Stat. § 6-21.5.