GEORGE A. GRIFFIN AND BRENDA GRIFFIN, PLAINTIFFS v. SAMUEL GRIFFIN, JO
BULLOCK, CHARLIE LANKFORD, DOROTHY LANKFORD AND KENNETH DAVID
BULLOCK, DEFENDANTS v. MICHAEL GRIFFIN, DONNA GRIFFIN, GEORGE F.
GRIFFIN, AND FRANCIS ANDREWS, THIRD PARTY DEFENDANTS

No. 276PA97

(Filed 8 May 1998)

**Pleadings § 61 (NCI4th)— filing of adoption petition—motion
for Rule 11 sanctions—imposition of sanctions for other
pleadings**

Where an attorney was given notice of a motion for the impo-
sition of sanctions upon him for his filing of an adoption petition,
the trial court erred by imposing sanctions on the attorney for the
filing of pleadings for which the attorney had not received notice
that sanctions would be sought. In order to pass constitutional
muster, the person against whom sanctions are to be imposed
must be advised in advance of the charges against him. N.C.G.S.
§ 1A-1, Rule 11.

On discretionary review pursuant to N.C.G.S. § 7A-31 and
on appeal of right of a constitutional question pursuant to N.C.G.S.
§ 7A-30(1) to review a unanimous, unpublished decision of the Court
of Appeals, 126 N.C. App. 224, 491 S.E.2d 564 (1997), affirming the
imposition of sanctions against attorney Charles Henderson by
Corbett, J., at the 11 September 1995 session of District Court,
Johnston County. Heard in the Supreme Court 17 December 1997.

The controversy in this case began when Samuel Griffin mur-
dered his wife, Marie Griffin, and was sentenced to life in prison.
Samuel Griffin and Marie Griffin had two children, Samuel Griffin II,
born in 1985, and Catherine Marie Griffin, born in 1987.

George Griffin, the nephew of Samuel Griffin, and his wife,
Brenda Griffin, filed this action for the custody of the two children in
District Court, Jones County, on 19 September 1990. Jo Bullock, a
defendant in the action, was the sister of Marie Griffin and is married
to Kenneth David Bullock. Charlie and Dorothy Lankford were the
parents of Marie Griffin.

In August 1991, an order was entered granting primary custody to
the plaintiffs with visitation to the Bullocks. In March 1992, a consent
order was entered switching this arrangement and awarding primary
custody to the Bullocks with visitation to the plaintiffs. In the mean-

time, on 25 February 1992, Michael Griffin, the brother of Samuel Griffin, and his wife, Donna Griffin, who were not parties to this case at that time, filed through their attorney Charles Henderson a petition for the adoption of the two children. This petition was filed without notice to any of the parties to this action. On 23 April 1992, the clerk of superior court entered an interlocutory order tentatively approving the adoption and giving custody of the two children to Michael and Donna Griffin. On 28 April 1992, the Bullocks made a motion pursuant to N.C.G.S. § 1A-1, Rule 11 to sanction Mr. Henderson for filing the adoption proceeding. The Bullocks contended that the adoption proceeding was filed to harass them and disrupt the orders of the court in this custody case.

On 1 May 1992, the clerk of superior court, pursuant to an order by the district court, rescinded the interlocutory order tentatively approving the adoption and giving custody of the children to Michael and Donna Griffin. Michael and Donna Griffin then intervened in this case. The venue of the case was then changed from Jones County to Onslow County and finally to Johnston County.

The Bullocks' motion for sanctions against Mr. Henderson was heard on 11 September 1995, and the trial court entered its order on 15 November 1995. The court did not impose sanctions for the matters alleged in the Bullocks' motion, but it *sua sponte* imposed sanctions for ten pleadings filed with the court which it said were filed for an improper purpose in violation of Rule 11; the court held that five of the pleadings were not well grounded in fact or law. The court ordered Mr. Henderson to pay counsel fees for the Bullocks.

The Court of Appeals affirmed the imposition of sanctions except for the filing of two affidavits which were not signed by Mr. Henderson. The case was remanded for a recalculation of attorneys' fees.

We allowed discretionary review for Mr. Henderson.

*Bailey & Dixon, L.L.P., by Gary S. Parsons and John M. Kirby, for appellant Charles Henderson.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellees Jo and Kenneth David Bullock.*

WEBB, Justice.

Charles Henderson had been given notice by the Bullocks that they would seek to have sanctions imposed upon him for filing a peti-

tion for an adoption. After the hearing, the court did not impose sanctions for the filing of the adoption petition. It did, however, on its own motion, impose sanctions for the filing of pleadings for which Mr. Henderson had not received notice that such sanctions would be sought. We agree with Mr. Henderson that this was error.

"Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution." *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448, 450 S.E.2d 888, 891 (1994). The Court of Appeals held that Mr. Henderson received adequate notice of the sanctions to be imposed against him. This is so, said the Court of Appeals, because (1) Mr. Henderson had full notice that he was under consideration for Rule 11 sanctions, (2) the district court issued a detailed order reciting findings of fact informing him why the sanctions had been imposed, and (3) Mr. Henderson fully participated in the hearing at which sanctions were imposed.

We do not agree with the Court of Appeals. It is not adequate for the notice to say only that sanctions are proposed. The bases for the sanctions must be alleged. *Taylor v. Taylor Prods. Inc.*, 105 N.C. App. 620, 629, 414 S.E.2d 568, 575 (1992), *overruled on other grounds by Brooks v. Giesey*, 334 N.C. 303, 317, 432 S.E.2d 339, 347 (1993). In this case, the notice actually misled Mr. Henderson as to what sanctions would be imposed. Mr. Henderson was notified that sanctions were proposed for filing the adoption proceeding, but sanctions were imposed for something else. The fact that the court made detailed findings of fact in the order for sanctions is not adequate. In order to pass constitutional muster, the person against whom sanctions are to be imposed must be advised in advance of the charges against him. The fact that Mr. Henderson participated in the hearing and did the best he could do without knowing in advance the sanctions which might be imposed does not show a proper notice was given.

For the reasons stated in this opinion, we reverse the Court of Appeals and remand for further remand to the District Court, Johnston County, to vacate the order imposing sanctions on Mr. Henderson.

REVERSED AND REMANDED.