IN RE: APPEAL FROM THE ORDER SANCTIONING BENJAMIN SMALL, ATTORNEY AT LAW

No. COA09-485

(Filed 8 December 2009)

**1. Attorneys; Pleadings— sanctions—filing motions in violation of court rules and for improper purpose**

The superior court did not err by ordering respondent attorney to pay $500 as a sanction for filing motions in violation of court rules because respondent did not challenge any of the court's findings of fact that served as the bases for its decision to sanction him and conceded that the trial court had the inherent authority to sanction him.

**2. Constitutional Law— due process—notice**

The Court of Appeals exercised its discretion under N.C. R. App. P. 2 and concluded that respondent attorney's due process rights were not violated where respondent was put on notice that sanctions may be imposed for filing his motions to recuse and continue, had notice of the grounds upon which those sanctions were imposed against him, and had an opportunity to address those grounds throughout the entire hearing on defendant's motions.

Appeal by respondent from order entered 18 December 2008 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 7 October 2009.

**IN RE APPEAL OF SMALL**

[201 N.C. App. 390 (2009)]

*Roy Cooper, Attorney General, by Grady L. Balentine, Jr., Special Deputy Attorney General, for the State.*

*Michael E. Casterline, for respondent-appellant.*

MARTIN, Chief Judge.

Attorney Benjamin S. Small appeals from an order entered in Cabarrus County Superior Court which ordered him to pay $500 as a sanction for filing motions that the trial court found were filed in violation of court rules and were "vexatious and totally without merit and . . . filed for the improper purpose of harassing [the ADA]." For the reasons stated, we affirm.

Small was appointed to serve as counsel for defendant James Neal Halley, Jr., who was charged with the Class C felonious offense of child abuse resulting in serious bodily injury in violation of N.C.G.S. § 14-318.4(a3). On 26 November 2008, on behalf of defendant Halley, Small filed a Motion to Recuse for Conduct Prejudicial to the Administration of Justice ("Motion to Recuse") in which he sought to recuse the Office of the District Attorney from further proceedings related to the prosecution of defendant Halley. The motion alleged, in part, that the Office of the District Attorney made allegations against defendant Halley without probable cause and failed to disclose evidence in violation of several North Carolina Rules of Professional Conduct, and thus "demonstrate[d] a lack of professional objectivity, an abuse of prosecutorial discretion, and the pursuit of a conviction rather than the pursuit of justice for the [d]efendant." On 4 December 2008, Small filed a Motion to Continue in which he sought to continue defendant Halley's case—set for trial just over a month later on 19 January 2009—so that he could attend a continuing legal education program on 21-23 January 2009.

The State filed responses to each of defendant's motions. The State's Response to defendant's Motion to Recuse alleged that "defense counsel is merely being vindictive by filing this frivolous Motion since this [ADA] will not agree to the counteroffer and defense counsel is therefore acting unprofessionally, unethically and not in the best interest of his client." The State also alleged that "defense counsel has become too personally involved in this case to the extent that all reasonableness and professionalism has been skewed." After alleging that Small had violated Rules 3.3(1), 4.1(1), and 8.4 of the Rules of Professional Conduct, the State requested, among other things, that: (1) "defense counsel be removed from the

**IN RE APPEAL OF SMALL**

[201 N.C. App. 390 (2009)]

court-appointed list until such time as this Court finds that defense counsel can conduct himself in a professional, objective and rationale [sic] manner in representing his clients" and (2) "defense counsel be sanctioned for blatant violations of [Rules of Professional Conduct] 3.3(1), 4.1(1) and 8.4."

The State's Response to defendant's Motion to Continue alleged that, on 23 September 2008, the State notified Small that defendant's trial was set to begin on 19 January 2009. Since Small did not file his Designation of Secure Leave until 4 December 2008, the State further alleged that Small did not comply with Rule 26(F)(1)-(2) of the General Rules of Practice for the Superior and District Courts, which requires that designations for secure leave shall be filed no later than 90 days before the beginning of the secure leave period and before any trial has been regularly scheduled. Accordingly, the State requested that "defense counsel [Small] be sanctioned for failing to disclose" to the trial court that he was notified of the 19 January 2009 trial date on 23 September 2008 and not on 12 November 2008, as Small alleged in his motion.

On 18 December 2008, the trial court conducted a hearing in which it considered defendant's motions and the State's responses to those motions. On the same day, the trial court entered an order in which it made the following findings of fact and conclusions of law, none of which are challenged on appeal:

7. On 4 December 2008 counsel for the defendant filed a Designation of Secure Leave for the dates of 21-23 January 2009. The filing of this secured leave designation by counsel was in violation of the statutes and rules that require such designations to be filed no later than 90 days before the beginning of the leave period *and* before any trial has been noticed for trial during the secure leave period.

8. The defendant's Motion to Recuse is vexatious and totally without merit and was filed for the improper purpose of harassing [the ADA].

9. There is no factual basis for the contention that the [ADA] has violated any of the Rules of Professional Conduct. Indeed, all of the evidence available to this court points to the fact that the she [sic] has properly discharged her duties in accordance with the law. She has prepared the case for trial after evaluating all of the available evidence, extended a plea offer to the

defendant (that she was not required by law to do) which has been rejected by the defendant, provided discovery to the defendant's attorney and she has scheduled the case for trial within the period initially requested by the attorney for the defendant in his motion for speedy trial. Merely because the defendant's attorney disagrees with the assistant district attorney as to the strength of the State's case is no indication whatsoever that the assistant district attorney is guilty of professional misconduct. If the State fails to offer evidence sufficient to submit the case to the jury, then the defendant's remedy is to move the trial court for dismissal at the close of the State's evidence—not to attempt to recuse the district attorney and her staff.

Based on the foregoing Findings of Fact, the court makes the following [Conclusions of Law]:

1. The defendant has filed a motion to recuse . . . . There is no basis in law or in fact for this motion. There is no evidence of any actual conflict of interest on the part of the district attorney, or any member of her staff. There is no evidence before this court to indicate that the defendant will be unfairly prosecuted in this case. . . .

2. This court has the inherent authority to sanction an attorney who signs and files a pleading without any factual or legal basis whatever and that is vexatious, as in this case. Accordingly, the defendant's attorney, should be sanctioned as hereinafter ordered.

The court then denied defendant's Motions to Recuse and Continue, and ordered that Small pay $500 on or before 31 March 2009 "as a sanction in this matter." On 19 December 2008, Small filed a Notice of Appeal from the trial court's order.

[1] "All courts are vested with inherent authority to do all things that are reasonably necessary for the proper administration of justice." *Couch v. Private Diagnostic Clinic*, 146 N.C. App. 658, 665, 554 S.E.2d 356, 362 (2001) (internal quotation marks omitted), *appeal dismissed and disc. review denied*, 355 N.C. 348, 563 S.E.2d 562 (2002). Consequently, a court has the "inherent power to deal with its attorneys." *Id.* "This power is based upon the relationship of the attorney to the court and the authority which the court has over its own officers to prevent them from, or punish them for, acts of dis-

honesty or impropriety calculated to bring contempt upon the administration of justice." *In re Nw. Bonding Co.*, 16 N.C. App. 272, 275, 192 S.E.2d 33, 35, *cert. denied and appeal dismissed*, 282 N.C. 426, 192 S.E.2d 837 (1972). Moreover, it is well recognized that "a Superior Court, as part of its inherent power to manage its affairs, to see that justice is done, and to see that the administration of justice is accomplished as expeditiously as possible, has the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *In re Robinson*, 37 N.C. App. 671, 676, 247 S.E.2d 241, 244 (1978), *on reh'g*, 39 N.C. App. 345, 250 S.E.2d 79 (1979); *see also Ivarsson v. Off. of Indigent Def. Servs.*, 156 N.C. App. 628, 632, 577 S.E.2d 650, 653, *disc. review denied*, 357 N.C. 250, 582 S.E.2d 269 (2003) ("[T]he judiciary holds the power to supervise, punish and regulate the attorneys that appear before it."). This "inherent power of the court to discipline attorneys [also] includes the imposition of monetary sanctions." *Couch*, 146 N.C. App. at 666, 554 S.E.2d at 363 (citing *Robinson*, 37 N.C. App. at 676, 247 S.E.2d at 244).

In the present case, Small concedes that "[t]here is no question courts have inherent authority over attorneys as officers of the court" "to take disciplinary action against attorneys practicing therein," (internal quotation marks omitted), and does not dispute that the trial court had the power to sanction him pursuant to its inherent authority. However, Small claims that the trial court did not impose its sanction pursuant to its inherent authority, but rather imposed its $500 sanction pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. Thus, Small argues that the trial court sought to impose its sanction pursuant to a rule of *civil* procedure while he was representing his client in a *criminal* matter, and so contends the trial court lacked jurisdiction to impose the sanction at issue.

In support of his claim, Small draws this Court's attention to the following statement made by the trial court at the end of the hearing on defendant's motions: "Cou[r]t finds that there's no legal [sic] for the filing of this motion, therefore, *pursuant to Rule 11 of the North Carolina Rules of Civil Procedure and the authority of—the inherent authority of the Court*, the Court will weigh and consider appropriate—an appropriate sanction." (Emphasis added.) In other words, Small suggests that the trial court's mention of Rule 11 during the rendition of its order to impose sanctions requires a finding by this Court that the trial court did not act pursuant to its inherent authority. Small also suggests that the language used in the court's order which imposed the sanction "track[s] the statute's language closely enough

to infer that the court believed it was acting under the authority of Rule 11."

However, Small does not dispute that, during the rendition of its order in open court, the trial court *did* state that it was sanctioning him pursuant to its inherent authority. In addition, in the order entered on 18 December 2008, the court concluded: *"This court has the inherent authority to sanction an attorney* who signs and files a pleading without any factual or legal basis whatever and that is vexatious, as in this case. *Accordingly, the defendant's attorney, should be sanctioned* as hereinafter ordered." (Emphasis added.) Since Small does not challenge any of the court's findings of fact that served as the bases for its decision to sanction him and concedes the trial court had the authority to sanction him pursuant to its inherent authority, and since the order entered by the court plainly states that it sanctioned Small pursuant to such authority, we conclude this argument is without merit and overrule this assignment of error.

**[2]** Small next contends he was deprived of his due process rights when the trial court imposed its $500 sanction because he was not provided with "adequate advance notice that sanctions might be imposed." Although Small concedes he failed to raise his objection to this issue before the trial court and has not properly preserved the issue for appeal, *see* N.C.R. App. P. 10(a)(1) (amended Oct. 1, 2009), we nevertheless exercise our discretion to consider this issue. *See* N.C.R. App. P. 2.

"Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution." *Griffin v. Griffin*, 348 N.C. 278, 280, 500 S.E.2d 437, 438 (1998) (internal quotation marks omitted). Accordingly, prior to the imposition of sanctions, "a party has a due process right to notice both (1) of the fact that sanctions may be imposed, and (2) the alleged grounds for the imposition of sanctions." *Zaliagiris v. Zaliagiris*, 164 N.C. App. 602, 609, 596 S.E.2d 285, 290 (2004) (citing *Griffin*, 348 N.C. at 280, 500 S.E.2d at 438-39), *disc. review denied*, 359 N.C. 643, 617 S.E.2d 662, *appeal withdrawn*, 360 N.C. 180, 625 S.E.2d 114 (2005).

Small directs this Court's attention to *Griffin v. Griffin*, 348 N.C. 278, 500 S.E.2d 437 (1998), as instructive in this case. However, we conclude that Small's reliance on *Griffin* is misplaced. In *Griffin*,

during the course of a custody action, an attorney for a non-party filed an adoption petition without providing notice to any of the parties to the action. *See Griffin*, 348 N.C. at 278-79, 500 S.E.2d at 438. Because one of the parties contended "the adoption proceeding was filed to harass [the parties] and disrupt the orders of the court in th[e] custody case," that party filed a Rule 11 motion seeking sanctions against the attorney who filed the petition. *See id.* at 279, 500 S.E.2d at 438. Nevertheless, after hearing the Rule 11 motion, the trial court decided to impose sanctions on the attorney, but did not do so based on the allegations in the Rule 11 motion before it. *See id.* Instead, on its own motion, the court "impose[d] sanctions for the filing of pleadings for which [the attorney] had not received notice that such sanctions would be sought." *See id.* at 280, 500 S.E.2d at 438. Thus, although the attorney "was notified that sanctions were proposed for filing the adoption proceeding, . . . sanctions were [actually] imposed for something else." *Id.* at 280, 500 S.E.2d at 439. Since the Supreme Court concluded that, "[i]n order to pass constitutional muster, the person against whom sanctions are to be imposed must be advised in advance of the charges against him," the *Griffin* Court remanded to vacate the order imposing sanctions on the attorney. *See id.*

However, in the present case, unlike *Griffin*, the record before us indicates that Small had prior notice of the grounds upon which the trial court was asked to consider sanctions against him, and that those grounds served as the bases for the sanctions imposed. In its Response to defendant's Motion to Recuse, which was properly served upon Small, the State alleged:

9. That defense counsel has requested that the Defendant receive a plea arrangement whereby the defendant will receive "time served" and the State has denied that request;

10. That defense counsel has disagreed with the State on the merits of the case, as well as the strengths and weaknesses of the case, and does not believe the State can prove its case and has therefore filed this frivolous Motion;

11. That defense counsel is merely being vindictive by filing this frivolous Motion since this Assistant District Attorney will not agree to the counteroffer and defense counsel is therefore acting unprofessionally, unethically and not in the best interest of his client;

. . . .

19. That defense counsel has become too personally involved in this case to the extent that all reasonableness and professionalism has been skewed . . . .

In its Response to defendant's Motion to Continue, which was also properly served upon Small, the State alleged:

6. *That on September 23, 2008 and not November 12, 2008,* as alleged in this Motion, the State notified the defendant of the January 19, 2009 trial date as referenced in the attached copy of State's letter dated September 23, 2008;

. . . .

10. That at no time did defense counsel, prior to filing this Motion contact this Assistant District Attorney and notify her of a "Mediation and Continuing Legal Education Training" that was scheduled for January 21-23, 2009 and that this trial takes precedent over any type CLE training;

. . . .

12. That pursuant to Rule 26(F)(1) and (2) of the General Rules of Practice for Superior and District Courts, for secured leave "to be effective, the designation *shall* be filed (1) no later than ninety (90) days before the beginning of the secure leave period; *and* (2) before any trial, hearing, deposition or other matter has been regularly scheduled, peremptorily set or noticed for a trial during the designated secure leave period";

13. That defense counsel has not complied with Rule 26(F)(1) and (2) of the General Rules for Practice for Superior and District Courts since the designation was not filed 90 days or more prior to the beginning of this scheduled trial, therefore defense counsel's secured leave for a CLE is not effective.

The State then specifically requested in its Responses to defendant's Motions to Continue and Recuse that the trial court impose sanctions against Small.

Small does not dispute that the State's Responses to defendant's Motions to Continue and Recuse requested that the court impose sanctions against Small, or that the State's Responses were properly served upon defendant Halley through Small. Small only argues that he did not have sufficient notice that sanctions "were to be addressed that day," and so could not "meaningfully contest the charges against

him." However, the purpose of the 18 December 2008 hearing was to address defendant Halley's motions and the State's responses to those motions. Since the grounds for the State's request for sanctions arose from its allegations that the motions filed by Small had no merit and violated the General Rules of Practice for the Superior and District Courts and Rules of Professional Conduct, Small unquestionably was put on notice that he would need to address these issues at the hearing on defendant's motions. Thus, we conclude that Small had notice that sanctions may be imposed for filing defendant's Motions to Recuse and Continue, had notice of the grounds upon which those sanctions were imposed against him, and had an opportunity to address those grounds throughout the entire hearing on defendant's motions. Therefore, this argument is also without merit.

Affirmed.

Judges McGEE and ERVIN concur.