IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-117

No. 429A20

Filed 29 October 2021

SHELLEY BANDY, plaintiff and third-party defendant

STATE OF NORTH CAROLINA, intervenor–plaintiff

v.

A PERFECT FIT FOR YOU, INC., MARGARET A. GIBSON, and RONALD WAYNE GIBSON, defendants

v.

A PERFECT FIT FOR YOU, INC., appellant/intervenor–defendant and third-party plaintiff

v.

MARGARET A. GIBSON, RONALD WAYNE GIBSON, R. WAYNE GIBSON, INC., and RW & MA, LLC, cross-claim and third-party defendants

Appeal pursuant to N.C.G.S. § 7A-27(a)(2) from final orders entered on 6 November 2019, 6 March 2020, 24 March 2020, 30 April 2020, 29 May 2020, 26 June 2020, 22 July 2020, 14 September 2020, and 5 October 2020 by Judge Gregory P. McGuire, Special Superior Court Judge for Complex Business Cases, after the case was designated a mandatory complex business case by the Chief Justice pursuant to N.C.G.S. § 7A-45.4(b). This matter was calendared for argument in the Supreme Court on 6 October 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Philip J. Mohr and Brent F. Powell for appellants A Perfect Fit For You, Inc., Douglas M. Goines as Receiver, and the Law Firm of Womble Bond Dickinson (US), LLP.*

*No brief filed for appellees.*

EARLS, Justice.

¶ 1    The question before us is whether the Business Court erred in refusing to authorize the court-appointed receiver for the company A Perfect Fit For You, Inc. (A Perfect Fit) to pay fees to the law firm Womble Bond Dickinson (US), LLP (Womble) for services rendered by one of the firm's attorneys, Philip J. Mohr. The Business Court did not refuse to authorize the receiver to pay Womble's fees on the basis of any finding relating to the nature or quantity of the legal services Mr. Mohr provided. Instead, the Business Court refused authorization solely on the basis of its conclusion that Mr. Mohr and the receiver had "flagrant[ly] disregard[ed] . . . the requirements imposed by" a previous court order which established the process the receiver and Womble were required to follow when seeking authorization for fee payments.

¶ 2    Appellants argue that the Business Court abused its discretion in refusing to authorize fee payments based upon an assessment of the receiver's and Mr. Mohr's purported lack of compliance with a court order. In the alternative, appellants argue that the Business Court's order should be construed as an order imposing sanctions against Womble without prior notice and an opportunity to be heard, in violation of Womble's due process rights under the Fourteenth Amendment to the United States

Constitution and article I, section 19 of the North Carolina Constitution. In addition, appellants also challenge the Business Court's denial of the receiver's subsequent requests for authorization to pay fees for work performed by Womble on its appeal of the orders refusing to authorize fee payments for the services rendered by Mr. Mohr.

¶ 3        We hold that the Business Court's decision to deny authorization for the receiver to pay Womble fees incurred for Mr. Mohr's work was an abuse of discretion. In addition, the Business Court's order could not permissibly impose monetary sanctions on Womble because the record indicates that the party being sanctioned did not have prior notice and an opportunity to be heard. Finally, it was error to deny the receiver's request for permission to pay Womble's fee-litigation fees without making necessary findings specifically regarding the value to the receivership, or lack thereof, of the work which generated these fees. Accordingly, we reverse the Business Court's order refusing to authorize payment of fees to Womble for Mr. Mohr's work and the relevant Business Court orders denying the receiver's request to pay Womble's fee-litigation fees and remand this case to the Business Court for further proceedings not inconsistent with this opinion.

## I.    Appointment of the receiver and the services rendered by Womble.

¶ 4        In 2016, Shelley Bandy filed a complaint and ex parte request for appointment of a receiver over A Perfect Fit, a medical equipment company located in Carteret County. On the day the complaint was filed, Senior Resident Superior Court Judge

Benjamin G. Alford entered a temporary restraining order and an order appointing M. Douglas Goines as the company's receiver. Judge Alford subsequently entered an order granting a preliminary injunction and appointing a receiver which provided that Mr. Goines would "continue as receiver, vested with full powers granted under statute to take possession of and manage the business, books, and profits of the corporation . . . until further Order of this Court." The matter was later designated a mandatory complex business case and transferred to the North Carolina Business Court.

¶ 5      After taking over A Perfect Fit, the receiver became concerned that the company may have fraudulently billed nearly $12 million in claims to the Medicaid program. The receiver hired Womble to conduct a comprehensive audit of the company's records. The audit revealed that the company lacked sufficient funds to pay back the $12 million the receiver believed the company had fraudulently obtained. Shortly thereafter, the State of North Carolina filed an intervenor complaint against A Perfect Fit seeking to recoup the nearly $12 million in allegedly fraudulent claims. In November 2017, the United States Department of Justice issued a "target letter" advising the company that it was the target of a federal criminal investigation. One month later, the United States Attorney for the Eastern District of North Carolina and the North Carolina Attorney's General's Office filed a civil recoupment action in federal court. The Business Court entered a stay of its

proceedings pending resolution of the federal matter.

¶ 6 Until the Business Court stayed proceedings, the receiver had paid Womble's fees as an ordinary business expense without seeking permission from the court. However, on 5 March 2018, the Business Court entered an order providing that the receiver would henceforth be required to "submit bills for its outside counsel fees to the court for review on a go-forward basis." Subsequently, counsel from Womble submitted invoices for work performed for the receiver on behalf of the receivership. The court authorized the receiver to pay the invoices and clarified that "[t]he Receiver, *and not outside counsel*, should submit the request for authorization to pay outside counsel's fees and costs." (Emphasis added.)

¶ 7 In September 2018, a hurricane caused extensive damage to A Perfect Fit's storefront, ultimately causing the business to cease operations. Around that same time, some of the named defendants indicated they were close to reaching a tentative settlement with the United States Department of Justice and the State of North Carolina.

¶ 8 In July 2019, the Business Court entered an order calendaring a status conference. At the conference, the Business Court asked Mr. Mohr why the court had not received any invoices for work performed by Womble since 2018. Mr. Mohr responded that no invoices had been submitted because the parties were engaged in settlement negotiations which, if successful, would have eventually required court

approval. Mr. Mohr also noted that, pursuant to the Business Court's previous order on attorney's fees, only the receiver was authorized to submit invoices to the court. The receiver separately explained that he had misunderstood what the order on attorney's fees required and had not intentionally failed to comply with the procedure it set out. During the conference, the Business Court "expressed its frustration that by not submitting the bills from counsel and the Receiver on a timely basis, that it placed a difficult burden on the Court to suddenly have to review several months of bills all at one time."

¶ 9 After the status conference, the Business Court entered an order lifting its earlier stay of proceedings. The receiver then submitted all of Womble's outstanding invoices, totaling approximately $70,600 in fees. On 6 November 2019, the court entered an order authorizing payment of all of Womble's fees except for those arising from work performed by Mr. Mohr, finding that "the time expended by the[] attorneys [other than Mr. Mohr] was reasonably necessary to the Receiver to fulfill his duties." With regard to the fees incurred for work performed by Mr. Mohr, the Business Court explained that it would "decline[] to approve payment of the $59,355.00 in legal fees incurred because of Mohr's work" due to "the Receiver's and Mohr's flagrant disregard for the requirements imposed by the Order on Attorneys' Fees [which] warrants a significant reduction in the fees, and that reduction should be borne by Mohr." Appellants filed a timely notice of appeal.

¶ 10 On 30 January 2020, as appellants' initial appeal was pending before this Court, the receiver submitted Womble's December 2019 invoice, which included a request to pay Womble's fees for work performed on the appeal of the order refusing to authorize the payment of fees for work performed by Mr. Mohr. The Business Court subsequently entered an order approving payment of all fees incurred upon the finding that "the requested attorneys' fees and expenses were incurred for services reasonably rendered by [Womble] to the Receiver for the benefit of Perfect Fit."

¶ 11 On 27 February 2020, the receiver again submitted an invoice to the court, again including a request for authorization to pay fees for work performed by Womble on the fee-recoupment appeal. This time, the Business Court refused to authorize payment of fees incurred by Womble relating to the appeal, concluding that

> the attorneys' fees related to the Appeal were not incurred for services reasonably rendered by [Womble] to the Receiver for the benefit of Perfect Fit. To the contrary, the Appeal, if successful, would benefit only [Womble] and would reduce the assets of Perfect Fit. The fees incurred for this work should be borne by [Womble], and not Perfect Fit. Accordingly, the Court, in its discretion, declines to approve payment of the $5,030.50 in legal fees incurred because of work done by [Womble] on the Appeal.

The Business Court acknowledged in its order "that it previously approved the payment of a small amount of [Womble's] fees for work it performed on the Appeal" but characterized this approval as resulting from an "inadvertent oversight." Appellants filed a timely notice of appeal of this order.

¶ 12   Thereafter, on 24 March 2020, 30 April 2020, 29 May 2020, 26 June 2020, 22 July 2020, 14 September 2020, and 5 October 2020, the Business Court entered orders denying the receiver's request for authorization to pay Womble for legal services performed by its attorneys relating to the fee-recoupment appeals. The present case encompasses the appellants' consolidated appeals from both the initial order refusing to authorize the receiver to pay Mr. Mohr's fees as well as all subsequent Business Court orders denying the receiver's requests to pay fees incurred for work performed by Womble in relation to the fee-recoupment appeals.[1]

## II.   Legal Analysis.

### A. The Business Court's decision was an abuse of discretion because it was based on a legally extraneous factual finding.

¶ 13   When an attorney performs legal services for a receiver in connection with the receiver's administration of a receivership, the attorney may recoup "reasonable and proper compensation for . . . services which require legal knowledge and skill and which were rendered to the receiver for the benefit of the receivership." *Lowder v. All Star Mills, Inc.*, 309 N.C. 695, 707 (1983). Still, "those employed by a receiver to assist in the administration of a receivership should understand that their compensation is subject to trial court review and approval." *Id.* A trial court is vested with the

---

[1] On 19 October 2020, this Court allowed appellants' motion to consolidate the various appeals and ordered that any subsequent notices of appeal related to any subsequent order denying Womble's fees related to work performed on the appeals should be filed as a supplement to the record on appeal or as an appendix to the briefs.

discretionary authority to, in the first instance, "fix[ ] the compensation, if any, to be allowed for the services of an attorney for a receiver," and a trial court's decision on this issue is accorded deference on appeal. *King v. Premo & King, Inc.*, 258 N.C. 701, 712 (1963) (quoting 75 C.J.S. *Receivers* § 384a, at 1049). "[N]evertheless[, the trial court's] discretion must be properly exercised and not abused, and the matter is discretionary only in the sense that there are no fixed rules for determining the proper amount, and not in the sense that the court is at liberty to award more [or less] than fair and reasonable compensation." *Id.*

¶ 14    Put another way, a trial court's discretion to grant or deny a receiver's request for authorization to pay fees to retained outside counsel is generally limited to (1) determining whether outside counsel rendered "services which require legal knowledge and skill and which were rendered to the receiver for the benefit of the receivership" and (2) determining the amount which comprises "reasonable and proper compensation for" the services outside counsel performed. *Lowder*, 309 N.C. at 707. When a trial court enters an order granting or denying a request to pay fees which contains adequate factual findings supporting its conclusions on these two questions, the trial court's determination is "prima facie correct," *King*, 258 N.C. at 712, and will not be disturbed on appeal absent a showing that the court's decision was "manifestly unsupported by reason or . . . so arbitrary that it could not have been the result of a reasoned decision," *Briley v. Farabow*, 348 N.C. 537, 547 (1998).

¶ 15 In its order denying the receiver's request to pay Mr. Mohr's fees, the Business Court did not enter findings addressing either of these two questions. The Business Court did not find that Mr. Mohr had not rendered legal services to the receiver for the benefit of the receivership. Nor did the Business Court find that it would be reasonable and proper to provide Mr. Mohr with zero compensation for any such services he may have rendered. Instead, the Business Court denied the receiver's request for authorization solely based upon what the court perceived to be the receiver's and Mr. Mohr's failure to adhere to the requirements of its prior order dictating how invoices for attorney's fees should be submitted to the court. Absent any explanation as to how this finding related to the Business Court's assessment of the legal services Mr. Mohr provided to the receiver, or to what would comprise reasonable and proper compensation for those services, this is not a permissible justification for denying a receiver's request to authorize the payment of fees to outside counsel.

¶ 16 A trial court's decision is necessarily an abuse of discretion when it reaches a conclusion based solely upon findings of fact which are irrelevant to the legal question the court is tasked with addressing. *See Da Silva v. WakeMed*, 375 N.C. 1, 5 n.2 (2020) ("[A]n error of law is an abuse of discretion."); *see also King*, 258 N.C. at 712 ("[An appellate court] will not alter or modify [an order authorizing or refusing to authorize payment of fees] unless *based on the wrong principle*, or clearly inadequate or

excessive" (emphasis added)). In this case, by answering the question of whether Womble was entitled to recoup its fees for Mr. Mohr's work solely by reference to the receiver's and Mr. Mohr's purported failure to properly submit Womble's invoices for court approval—rather than by conducting an analysis of the legal work Mr. Mohr performed for the receiver—the Business Court's decision constituted an abuse of discretion.

**B. The Business Court's order impermissibly imposed sanctions without providing notice and an opportunity to be heard to the party being sanctioned.**

¶ 17      Although the Business Court's assessment of Mr. Mohr's compliance with its prior order on attorney's fees cannot support the court's conclusion that Womble was not entitled to payment for Mr. Mohr's work, a trial court does possess the inherent authority to sanction parties and attorneys for misconduct during the course of litigation. Under appropriate circumstances, a trial court may impose sanctions, including monetary sanctions, either on motion of a party or sua sponte. *See, e.g.*, *State v. Defoe*, 364 N.C. 29, 34 (2010) ("[T]rial courts of this State have inherent authority to enforce procedural and administrative rules . . . ."); *see also Grubbs v. Grubbs*, No. COA16-129, 2017 WL 892564, at *14 (N.C. Ct. App. Mar. 7, 2017)) ("A judge's power to admonish counsel or parties can be either *sua sponte* or subject to a motion from a party, such as a show cause motion or Rule 11 sanctions."). Further, in certain cases, a trial court may sanction a party or attorney for failing to comply with

a prior court order governing the party's or attorney's conduct during litigation. *See Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 674 (1987) (holding it to be "within the inherent power of the trial court to order plaintiff to pay defendant's reasonable costs including attorney's fees for failure to comply with a court order"); *see also Red Valve, Inc. v. Titan Valve, Inc.*, No. 18 CVS 1064, 2019 WL 4182521, at \*17 (N.C. Super. Ct. Sept. 3, 2019) (ordering sanctions based upon a party's "failure to comply with the legal duties imposed by the [Business] Court's orders and applicable law, which individually and collectively reflect [the party's] utter disregard for the [court's] authority and the legal process"), *aff'd per curiam*, 376 N.C. 798, 2021-NCSC-17. Thus, we must also consider whether the Business Court's order can be sustained as an order imposing monetary sanctions on Womble based upon Mr. Mohr's purported violation of the prior order which specified how the parties should submit Womble's invoices to the court.[2]

There are two legal requirements governing the trial court's entry of an order imposing sanctions against a party or attorney which are relevant in this case. First,

---

[2] Not every court order denying a receiver's request to pay outside counsel's fees is immediately appealable. However, in this case, the Business Court's order can reasonably be construed as an order imposing monetary sanctions on Womble. In addition, the Business Court's order only denied the receiver's request to pay outside counsel's fees in part—the order also granted the receiver's request to pay fees incurred by counsel for work not performed by Mr. Mohr, thus dissipating the pool of assets of the receivership from which Womble could ultimately be paid. Therefore, under these circumstances, we conclude that this Court has jurisdiction over the challenged orders pursuant to N.C.G.S. 7A-27(a)(2). *See Battery Park Bank v. W. Carolina Bank*, 126 N.C. 531 (1900).

before an order imposing sanctions against a party is entered, the party whose conduct is being sanctioned must be provided with notice of the basis upon which sanctions are being sought and an opportunity to be heard. *See Griffin v. Griffin*, 348 N.C. 278, 280 (1998) ("In order to pass constitutional muster, the person against whom sanctions are to be imposed must be advised in advance of the charges against him."); *see also Egelhof ex rel. Red Hat, Inc. v. Szulik*, 193 N.C. App. 612, 616 (2008) (explaining that "North Carolina has consistently required" that the party against whom sanctions have been sought be provided "an opportunity to be heard" before an order imposing sanctions is entered). Second, the trial court's conclusion that sanctions should be imposed against a party or attorney must be "supported by its findings of fact, and . . . the findings of fact [must be] supported by a sufficiency of the evidence." *Turner v. Duke Univ.*, 325 N.C. 152, 165 (1989). In light of these two requirements, we conclude that even if we were to treat the Business Court's order as an order imposing sanctions against Womble—and even if we were to assume that the Business Court possessed the authority to withhold authorization of payments to Womble as a penalty for Mr. Mohr's conduct—the challenged order still fails to meet the applicable legal requirements.

¶ 19     First, at no time did the Business Court provide Mr. Mohr or Womble with notice that it was considering imposing sanctions based upon Mr. Mohr's purported failure to comply with a court order. Although the Business Court did "express[ ] its

frustration" regarding what it viewed to be the receiver's and Mr. Mohr's tardiness in submitting fee invoices, the court did not provide notice to the parties that it was considering imposing sanctions and did not provide "notice of the bases of the sanctions." *Walsh v. Cornerstone Health Care, P.A.*, 265 N.C. App. 672, 678 (2019) (quoting *Egelhof v. Szulik*, 193 N.C. App. 612, 616 (2008)); *see also Griffin*, 348 N.C. at 280 ("The bases for the sanctions must be alleged."). Further, the fact that Mr. Mohr was present at a hearing where he disputed the Business Court's characterization of his conduct "without knowing in advance the sanctions which might be imposed does not show a proper notice was given." *Griffin*, 348 N.C. at 280. Allowing the Business Court's order to deprive Womble of fees its attorney earned without notice and an opportunity to be heard as a sanction for its attorney's conduct would violate Womble's due process rights as "guaranteed by the Fourteenth Amendment of the United States Constitution." *Id.* (quoting *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448 (1994)).

¶ 20        Second, the finding that Mr. Mohr "flagrant[ly] disregard[ed] . . . the requirements imposed by" the order on attorney's fees is unsupported by the record evidence. The order Mr. Mohr purportedly violated required *the receiver* to submit invoices to the court and specifically *forbade* "outside counsel" from "submit[ting] the request for authorization to pay outside counsel fees and costs." Although Mr. Mohr represented to the Business Court that he "would take the responsibility for not

following up with the Receiver to make sure that the Receiver understood that he had to submit Womble's bills to the [Business] Court for approval," nothing in the record suggests that Mr. Mohr himself undertook any action which constituted a violation of the Business Court's order. Indeed, under the terms of the order he purportedly violated, Mr. Mohr was prohibited from doing precisely that which the Business Court apparently penalized him for not doing.

¶ 21    Whether construed as an order refusing to authorize the receiver to pay Womble's fees or as an order imposing sanctions on Womble for Mr. Mohr's failure to adhere to the requirements of a prior court order, the order is legally deficient. Accordingly, we reverse the order entered on 6 November 2019 and remand to the Business Court for further proceedings consistent with this opinion, including the entry of the findings and conclusions necessary to address the questions of (1) whether Mr. Mohr rendered "services which require legal knowledge and skill and which were rendered to the receiver for the benefit of the receivership" and (2) determining the amount which comprises "reasonable and proper compensation for" any such services Mr. Mohr performed. *Lowder,* 309 N.C. at 707.

**C. The Business Court erred in denying the receiver's request to pay Womble's fees for its fee-recoupment litigation solely on the basis that authorizing payment would deplete A Perfect Fit's assets.**

¶ 22 Appellants also challenge the Business Court's orders refusing to authorize the receiver to pay fees incurred by Womble in the course of prosecuting this appeal. After the Business Court entered an order refusing to authorize the receiver to pay Womble's fees for work undertaken by Mr. Mohr, Womble and the receiver appealed. Subsequently, Womble's attorneys performed work on this appeal, which they billed to the receiver. In turn, the receiver requested authorization from the Business Court to pay Womble for this work. The first time the receiver sought authorization from the Business Court, it was granted. On every occasion thereafter, the Business Court denied authorization.

¶ 23 This Court has not previously considered whether outside counsel is entitled to compensation for work on litigation related to the fees originally incurred for legal services rendered to a receiver. However, as we have previously stated, outside counsel retained by a receiver is only entitled to "[r]easonable and proper compensation" for legal services "rendered to the receiver *for the benefit of the receivership*." *King*, 258 N.C. at 711 (emphasis added). The trial court's decision to grant or deny a fee payment request "must rest on facts showing actual benefits." *Id.* at 712 (quoting 75 C.J.S. *Receivers* § 384a, at 1049). Accordingly, a trial court's decision to grant or deny a receiver's request to pay outside counsel's fee-litigation fees requires a fact-intensive inquiry. It is not susceptible to a per se rule. We express no opinion on the propriety of authorizing payment of fee-litigation fees as a general

matter. Instead, this question must be resolved in the first instance by the trial court on a case-by-case basis after an examination of the purpose and nature of the services rendered by outside counsel and their relationship to the interests of the receivership.

¶ 24        In this case, the sole factual finding supporting the Business Court's repeated denials of the receiver's requests for authorization to pay Womble's fee-litigation fees was the court's determination that these fees "were not incurred for services reasonably rendered by [Womble] to the Receiver for the benefit of Perfect Fit. To the contrary, the Appeal, if successful, would benefit only [Womble] and would reduce the assets of Perfect Fit." This finding rests on the erroneous presumption that legal services rendered in the furtherance of any outcome which would result in the diminution of a receivership's assets is necessarily contrary to the interests of the receivership.

¶ 25        As this Court has previously recognized, there may be circumstances under which an attorney's actions benefit a receivership even without contributing to an increase in the receivership's assets. *See, e.g.*, *In re Will of Ridge*, 302 N.C. 375, 384 (1981) (concluding that the trial court did not abuse its discretion in authorizing fee payments to outside counsel for services rendered in pursuit of an unsuccessful legal claim). Further, as sister courts have recognized in various contexts, applying a per se rule prohibiting attorneys from recouping fee-litigation fees could ultimately harm parties in need of able legal representation by reducing the pool of attorneys willing

to provide vigorous representation on critically important matters. *See, e.g.*, *In re Estate of Trynin*, 49 Cal. 3d 868, 871 (1989) (explaining that an outright prohibition on awarding fee-litigation fees for representatives of decedents' estates would "ultimately be deleterious to [the estates] because attorneys would be reluctant to perform [necessary] services . . . if the compensation awarded for their services could be effectively diluted or dissipated by the expense of defending unjustified objections to their fee claims"); *see also In re Estate of Bockwoldt*, 814 N.W.2d 215, 223 (Iowa 2012) (declining to impose a categorical rule against authorizing fee-litigation fee payments).

¶ 26     In a case where an attorney retained by a receiver pursues litigation in an effort to recoup fees that prove to have been extravagant or unreasonable, it is doubtful the attorney will be able to demonstrate that his or her efforts were for the benefit of the receivership. However, in a case such as this one where there has been no finding that outside counsel's fees were unreasonable, the mere fact that authorizing the receiver to pay counsel's fee-litigation fees will diminish the receivership's assets does not itself establish that counsel's services were not rendered for the benefit of the receivership. Accordingly, we conclude that the Business Court's finding that payment of Womble's fee-litigation fees "would reduce the assets of Perfect Fit" is insufficient to support the conclusion that the services Womble rendered did not benefit A Perfect Fit. We remand to the Business Court for

further proceedings not inconsistent with this opinion, including reconsideration of the applications for authorization to pay the fee-litigation fees under the proper legal standard.

### III. Conclusion

When a receiver seeks authorization from a trial court to pay fees for services rendered by outside counsel, it is within the discretion of the trial court to determine what comprises "reasonable and proper compensation for . . . services which require legal knowledge and skill and which were rendered to the receiver for the benefit of the receivership." *Lowder*, 309 N.C. at 707. Nevertheless, in this case, the Business Court's decision constituted an abuse of discretion because it denied the receiver's request for authorization to pay fees to Womble for services performed by one of its attorneys based only upon the court's conclusion that the attorney failed to comply with procedural requirements imposed by a prior court order. Moreover, while a court generally possesses the authority to impose monetary sanctions on an attorney for failing to comply with a prior court order under appropriate circumstances, the Business Court could not impose sanctions against Mr. Mohr and Womble without providing them with notice of the basis for imposing sanctions and an opportunity to be heard, and not on the basis of conduct which the record demonstrates did not violate the order Mr. Mohr purportedly disregarded. In addition, the Business Court's conclusion that Womble's efforts to recoup its fees did not benefit A Perfect Fit cannot

be sustained solely upon the finding that authorizing payment of the fees would diminish A Perfect Fit's assets.

¶ 28    Accordingly, we reverse the Business Court's order entered on 6 November 2019 in which the Business Court refused to authorize the receiver to pay fees for services rendered by Mr. Mohr and the Business Court's orders entered on 6 March 2020, 24 March 2020, 30 April 2020, 29 May 2020, 26 June 2020, 22 July 2020, 14 September 2020, and 5 October 2020 in which the Business Court refused to authorize the receiver to pay Womble's fee-litigation fees. We remand to the Business Court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.