IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-927

Filed 15 August 2023

Iredell County, No. 22 M 308, formerly 22 R 300

In The Matter Of:

ERIC R. INHABER

Appeal by Respondent from Order entered 25 July 2022 by Judge Thomas R. Young in Iredell County District Court. Heard in the Court of Appeals 9 May 2023.

*Freedman Thompson Witt Ceberio & Byrd PLLC, by Christopher M. Watford for Appellant.*

*The Armstrong Law Firm, P.A., by L. Lamar Armstrong, III, court-appointed amicus curiae.*

RIGGS, Judge.

Respondent Eric R. Inhaber appeals an order entered in Iredell County District Court suspending Mr. Inhaber from practicing law in Judicial District 22A for a period of one year. The court entered the order under its inherent authority to conduct disciplinary hearings. On appeal, Mr. Inhaber argues he did not have proper notice of the hearing and the lack of a *verbatim* transcript deprived him of the ability to appeal the findings of fact in the suspension order. After careful review, we hold Mr. Inhaber did not receive proper notice of the hearing and vacate the order. Because we vacate the order on the first issue he raises, we do not reach any

additional issues on appeal.

## I.    FACTS & PROCEDURAL HISTORY

Mr. Inhaber is an attorney licensed in the State of North Carolina since 1995. His law practice primarily focuses on representing people charged with traffic violations in Mecklenburg County and the surrounding counties.

On or about 8 July 2022, Mr. Inhaber was in Iredell County District Court representing several clients on traffic infractions.  He asked Assistant District Attorney Autumn Rushton ("ADA Rushton") to re-calendar several matters and withdraw the motions for arrest based upon defendant's failure to appear in these cases.  ADA Rushton opposed re-calendaring and withdrawing the orders for arrest because she alleged that Mr. Inhaber had failed to appear at the relevant administrative court session in a timely manner.  Mr. Inhaber indicated he was unfamiliar with the procedure in this district court, and it was difficult for him to arrive at the administrative sessions in a timely fashion because he represented clients in multiple counties.  ADA Rushton advised Mr. Inhaber of the appropriate procedure and protocol for Iredell County District Court.

Two weeks later, on 18 July 2022, Mr. Inhaber approached ADA Rushton about a continuance on one case and withdrawing a failure to show arrest order and re-calendaring for another case; ADA Rushton granted both requests.

During the morning session on 20 July 2022, either in open court or outside the courtroom,[1] a dispute arose between ADA Rushton and Mr. Inhaber. ADA Rushton believed Mr. Inhaber had secured agreement to re-calendar the two cases by falsely representing they were both on the present day's calendar. ADA Rushton rescinded her agreement to re-calendar when she learned that both matters were not on the calendar.

During the dispute, Mr. Inhaber purportedly raised his voice and acted unprofessionally. The dispute supposedly created a delay of approximately ten minutes to the court's proceedings. Although Mr. Inhaber apologized for his actions, he maintained that he had not misrepresented that the cases were on the current docket. Assistant District Attorney Megan Powell ("ADA Powell") indicated she overheard a portion of the interaction between ADA Rushton and Mr. Inhaber and that Mr. Inhaber led ADA Rushton to believe both cases were calendared for 20 July 2022.

Mr. Inhaber was instructed by an assistant district attorney to return to court for the afternoon session—he believed he was being summoned to address a client's traffic citation. However, at the conclusion of the afternoon session, the trial court held a disciplinary hearing regarding the events which occurred in the morning session and earlier that month. This disciplinary hearing was not transcribed; the

---

[1] The order is unclear whether the "heated" portion of the dispute occurred in the courtroom or outside of the courtroom.

record of this proceeding is based upon Mr. Inhaber's transcriptive narrative ("Narrative") made pursuant to N.C. R. App. P. 9(c) (2023) and the suspension order. In the prefatory clause of the order, the trial court indicated Mr. Inhaber was provided notice of a disciplinary hearing, without indicating whether the notice identified the conduct subject to sanctions and the proposed sanctions. The Narrative does not indicate that Mr. Inhaber objected to lack of notice at the hearing.

During the hearing, ADA Rushton and ADA Powell testified and a third Assistant District Attorney Reagan Hill ("ADA Hill") was in attendance. The Narrative indicates the trial court may not have taken sworn testimony from witnesses. According to the Narrative, Mr. Inhaber was not allowed to cross-examine witnesses during the hearing.

Three days after the hearing, on 25 July 2022, the trial court entered an order suspending Mr. Inhaber's license to practice law in Judicial District 22A for one year and required him to "petition for reinstatement of his ability to practice law in Judicial District 22A by filing appropriate pleading with the Clerk of the Superior Court of Iredell County, and by giving notice to the district attorney presiding in said judicial district." (Capitalization altered) Mr. Inhaber filed a timely notice of appeal on 22 August 2022.

Because the disciplinary hearing on 20 July 2022 was not transcribed or recorded, Mr. Inhaber attempted to reconstruct a record of the hearing for this appeal as allowed under Rule 9(c)(1) of the North Carolina Rules of Appellate Procedure.

N.C. R. App. P. 9(c)(1) (2023). To assist him in creating a record of the disciplinary hearing, Mr. Inhaber attempted to consult with the three assistant district attorneys who had participated in the hearing. Mr. Inhaber contacted District Attorney Sarah Kirkman ("DA Kirkman") for District 32 and requested affidavits and notes from the hearing from ADA Powell, ADA Rushton, and ADA Hill. The district attorney indicated requesting affidavits from her staff was outside the scope of her duties and declined any involvement in this matter.

Mr. Inhaber also reached out to the trial court and requested responses to a series of questions about the hearing. The trial court responded with a copy of the order indicating the order tracked the court's recollection of the events.

Mr. Inhaber wrote a two-and-a-half-page undated Narrative of his recollections of the hearing. The Narrative did not identify any objections made during the hearing, provide a summary of each witness and their testimony, identify if any evidence was introduced, outline the judgment reached by the trial court, or identify instructions given to the parties.

Although the district attorney's office is not a party to this appeal, Mr. Inhaber provided them with the proposed record on appeal. The District attorney's office did not object to the Narrative and indicated it did not desire to be part of the proceeding. Neither Mr. Inhaber's Narrative nor the order itself indicates whether any objections were made during the hearing. Neither document definitively indicated whether the

court took sworn testimony. Finally, neither document indicates if the trial court rendered a judgment or gave instructions at the close of the hearing.

## II. Standard of Review

Exercise of a trial court's inherent authority is discretionary in nature—when reviewing the trial court's conclusions of law, "we need determine only whether they are the result of a reasoned decision[.]" *In re Botros*, 265 N.C. App. 422, 427, 828 S.E.2d 696, 701 (2019). *See also In re Cranor*, 247 N.C. App. 565, 573, 786 S.E.2d 379, 385 (2016) (stating the proper standard of review for acts by the trial court in the exercise of its inherent authority is abuse of discretion). "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).

## III. ANALYSIS

### A. Notice for the Hearing Was Insufficient

On appeal, Mr. Inhaber argues the trial court failed to provide appropriate notice for the hearing. We agree.

Trial courts possess inherent authority to ensure courts are run efficiently and properly and that litigants are treated fairly. *Beard v. N.C. State Bar*, 320 N.C. 126, 129, 357 S.E.2d 694, 696 (1987). "Generally, in the absence of controlling statutory provisions or established rules, all matters relating to the orderly conduct of the trial or which involve the proper administration of justice in the court, are within [the

court's] discretion." *State v. Smith*, 320 N.C. 404, 415, 358 S.E. 2d 329, 335 (1987) (quoting *State v. Rhodes*, 290 N.C. 16, 23, 224 S.E. 2d 631, 635 (1976)). The North Carolina Supreme Court has affirmed that our trial courts have the inherent power and duty to discipline attorneys, as officers of the court, for unprofessional conduct. *In re Hunoval*, 294 N.C. 740, 744, 247 S.E.2d 230, 233 (1977) (citing Canon 3B(3), N.C. Code of Judicial Conduct ("A judge should take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware.")).

Generally, when a trial court uses its inherent power to discipline an attorney, it either does so immediately or the trial court issues a show cause order to provide notice of the hearing. *Compare State v. Land*, 273 N.C. App. 384, 399-93, 848 S.E.2d 564, 570 (2020) (holding no error where the trial court acted in summary fashion to maintain control of the courtroom by holding *pro se* defendant in contempt for repeated interruptions of courtroom proceedings) *with In re: Botros*, 265 N.C. App at 439, 828 S.E.2d at 708 (holding an attorney received due process when he was personally served with a show cause order which detailed the allegations against him seventeen days before the hearing).

"Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, section 17, of the North Carolina Constitution." *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448,

450 S.E.2d 888, 891 (1994). A party is entitled to notice when sanctions are imposed pursuant to the court's inherent power to discipline attorneys. *Williams v. Hinton*, 127 N.C. App. 421, 426, 490 S.E.2d 239, 242 (1997). Specifically, prior to the imposition of sanctions, "a party has a due process right to notice both (1) of the fact that sanctions may be imposed, and (2) the alleged grounds for the imposition of sanctions." *In re Appeal of Small,* 201 N.C. App. 390, 395, 689 S.E.2d 482, 486 (2009).

Generally, a party entitled to notice of a hearing waives notice when they appear at the hearing and participate in the hearing unless they object or otherwise request a continuance at the hearing. *McNair Construction Co. v. Fogle Bros. Co.*, 64 N.C. App. 282, 289, 307 S.E.2d 200, 204 (1983). However, our Supreme Court has held where sanctions may be imposed, the parties must be notified in advance of the charges against them. *Griffin v. Griffin*, 348 N.C. 278, 280, 500 S.E.2d 437, 439 (1998). Participation in the hearing, without prior notice of the charges and proposed sanctions, does not waive the notice requirements. *Id.*

In this case, whether Mr. Inhaber had notice of the specific charges against him or the sanctions which may be imposed is disputed and the meager record does not provide any clarity. The suspension order simply indicates it was entered "[a]fter giving notice to the Respondent and after affording the Respondent an opportunity to be heard." Mr. Inhaber's narrative, however, states he "was not provided notice of the hearing that would eventually lead to his discipline by the Court."

Although the District Attorney's office is not a party to this appeal, Mr. Inhaber

provided that office with a copy of the Narrative. The District Attorney's office did not object to the Narrative nor provide documentation or a counternarrative showing that Mr. Inhaber had received notice identifying the charges against him and the possible sanctions in this case. To comply with the constitutional requirement for notice, the trial court must have given Mr. Inhaber notice of the charges against him and the sanction(s) that may be imposed. *Griffin*, 348 N.C. at 289, 500 S.E.2d at 439. Because the order does not demonstrate Mr. Inhaber has proper prior notice of the charges and possible sanctions, we hold notice was not proper and vacate the order.

## B. Mr. Inhaber's Burden in Reconstructing the Transcript

On appeal, Mr. Inhaber argues he was prejudiced by the lack of a transcript of the hearing, in that the lack of a transcript kept him from being able to present issues on appeal. Because we held Mr. Inhaber did not receive proper notice of the hearing and vacate the order, we do not reach the issue of whether Mr. Inhaber met the burden to reconstruct the transcript or whether he was prejudiced by the lack of a transcript.

## IV. Conclusion

After review of the record, we hold the notice of the disciplinary hearing against Mr. Inhaber was insufficient because it did not identify the charges against him or the possible sanctions. Accordingly, we vacate the order.

VACATED.

Judges TYSON and ARROWOOD concur.